MARION MALLEABLE IRON WORKS v. BALDWIN.

[No. 12,050. Filed December 3, 1924.]

1. MASTER AND SERVANT.—*"Contractor" defined.*—A "contractor" is one who makes an agreement with another to do a piece of work, retaining in himself control of the means, method and manner of producing the result to be accomplished, neither party having the right to terminate the contract at will. p. 209.

2. MASTER AND SERVANT.—*Steeple-jack furnishing own tools and working in his own way is contractor and not employee.*— A steeple-jack who was employed to do certain work on smoke-

stacks, furnishing his own tools, and doing the work in his own way, without supervision by the employer, engaging and paying his own assistants, was a contractor and not an employee, as he could neither have been discharged before the work was completed nor have terminated the employment at his pleasure (*McDuell* v. *Duer* [1922], 78 Ind. App. 440, and *Hoosier Veneer Co.* v. *Ingersoll* [1922], 78 Ind. App. 518, distinguished). p. 209.

3. MASTER AND SERVANT.—*Failure to fix compensation not determinative of status as employee.*—The fact that the amount to be paid for a specific job of work was not fixed by the parties would not make the party contracting to do the work an employee, within the Workmen's Compensation Act, the legal presumption being that he would receive what the job was reasonably worth. p. 209.

4. APPEAL.—*Appellee's failure to file brief amounts to confession of error.*—Appellee's failure to file brief may be taken as a confession of error, and, where appellant's brief makes a *prima facie* showing of error, the judgment will be reversed. p. 210.

From Industrial Board of Indiana.

Proceeding under the Workmen's Compensation Act by Thomas Baldwin against the Marion Malleable Iron Works, employer. From an award for claimant, the defendant appeals. *Reversed.*

Joseph W. Hutchinson, for appellant.
D. M. Bell, for appellee.

REMY, J.—On July 27, 1923, and for sixteen years immediately preceding that date, Thomas Baldwin, appellee herein, was a professional steeple-jack. During all of that time he resided in the city of Marion, and followed his profession, in, and in the vicinity of, that city, at such times as the weather would permit. In the spring of 1923, appellee, having solicited steeple-jack work of appellant, was given the job of removing two joints of a certain smoke-stack, and the painting of certain other smoke-stacks, of appellant's factory building. Appellant was to furnish the paint, and appellee the necessary tools and ladders. Nothing was

said at the time as to what appellee was to receive for the work, nothing was said as to helpers in doing the work, and nothing as to when the work was to be completed. Having secured the job, appellee, as had been his custom, and without the knowledge or consent of appellant, procured Charles Meredith, another steeple-jack, to assist in the work, with the understanding with Meredith that the amount received for the job was to be equally divided between them and that each was to pay half of any expenses they would have. After the two had each worked on the job for about a week, Baldwin asked for, and was paid by appellant, the sum of twenty-five dollars, of which sum, he gave Meredith twelve dollars and fifty cents. Three days later, while the work was in progress, one of the stacks fell, and as a result both of the men were injured. Because of their injuries, Baldwin and Meredith were unable to complete the job; but after Baldwin had sufficiently recovered so that he was able to get out, he employed another steeple-jack to finish the job, and when it was finished, Baldwin submitted to appellant a bill for the entire job, less the twenty-five dollars previously received, and the bill as presented was paid to Baldwin, who, out of the sum, paid the steeple-jack employed by him to complete the job, and then settled with Meredith in accordance with their partnership agreement. Neither Baldwin nor Meredith was at any time placed upon the payroll of appellant, and the time of none of the men who did the steeple-jack work was kept by, or reported to, appellant. There was, by appellant, no supervision of the work.

Appellee filed with the Industrial Board a claim for compensation as an employee of appellant. At the hearing, the evidence without conflict established the above facts, and from an award to Baldwin, this appeal is prosecuted.

The question for determination is whether, under the facts above stated, appellee was a contractor, or was an employee within the meaning of the Workmen's Compensation Act.

A contractor is one who makes an agreement with another to do a piece of work, retaining in himself control of the means, method and manner of producing the result to be accomplished, neither party having the right to terminate the contract at will.

It clearly appears from the evidence that appellee was given the contract for the work he was to do. No one knew better than appellee the nature of the contract, and he, as a witness in his own behalf, stated that he "understood" that he "had the entire job." After securing the work, Baldwin associated Meredith with him as an equal partner, and they did the work in their own way, with their tools and appliances, and without supervision or control by appellant. When by reason of their injuries, Baldwin and Meredith were unable to go on with the work, Baldwin employed and paid another steeple-jack to complete the job, knowing, as he testified, that he "could get no pay" till the job was completed. Appellee, as a professional steeple-jack having a contract for the entire job, could not have been treated as an employee and discharged, nor could he have terminated the contract at his pleasure.

The mere fact that the amount to be paid for the job was not fixed by the parties, did not make Baldwin an employee. Under such circumstances, the legal presumption would be that Baldwin was to receive what the job would be reasonably worth, taking into consideration the fact that he was to furnish the necessary tools and ladders. It follows

that Baldwin was a contractor of the work to be done, and that the board erred in holding that he was an employee of appellant.

The cases, *McDowell* v. *Duer* (1922), 78 Ind. App. 440, 133 N. E. 839, and *Hoosier Veneer Co.* v. *Ingersoll* (1922), 78 Ind. App. 518, 134 N. E. 301, cited and relied on by appellee, are readily distinguished from the case at bar. In each of those cases, the applicant for compensation was employed to haul saw-logs at a specified sum per thousand feet. In the Duer case, the owner of the timber for whom the work was being done, as stated by the court in its opinion, "had control over the work." In the Hoosier Veneer Co. case, there was no definite amount of timber to be hauled, that is, no definite job to be done, and the agreement of the hauler was that he "would try it for a while" and if he "could not make wages," he would quit. In the case at bar, the workman did not release his control over the work, as was done in the Duer case; nor did he reserve the right to cease work at his pleasure, as was done by the workman in the Hoosier Veneer Co. case.

As to the rule governing the Industrial Board in its consideration of the evidence in making its finding and award, see, *Pioneer Coal Co.* v. *Hardesty* (1921), 77 Ind. App. 205, 133 N. E. 398; *Russell* v. *Scharfe* (1921), 76 Ind. App. 191, 130 N. E. 437.

Appellant filed a brief showing *prima facie* error. Appellee failed to file any brief, and, for this neglect, he has offered no excuse. The failure of appellee 4. to controvert the error assigned might by the court have been taken as a confession of error. *Wasman* v. *Dye* (1920), 73 Ind. App. 11, 126 N. E. 435. Nevertheless, the question presented has been determined on its merits. Reversed.

Dausman, J., concurs in the result.