LAZARUS *v.* SCHERER.

[No. 14,033. Filed January 23, 1931.]

*Breen & Newkirk* and *Henry Hasley,* for appellant.

NEAL, P. J.—This is an action instituted by appellee, Murray Scherer, before the Industrial Board of Indiana for an award of compensation under and pursuant to the provisions of the Workmen's Compensation Act. The appellee asked for $198.50 on account of medical care and attention, hospital services and supplies and $30 per week for two weeks of total temporary disability. The complaint is in the form adopted and furnished by the Industrial Board of Indiana. Appellee's claim for compensation was submitted for trial before a single member of the board who entered an award in favor of the appellee. The appellant thereafter filed her application for a review before the full board and the board, after a hearing, made an award in favor of appellee.

Appellee alleged in his complaint, in substance, that, on June 7, 1929, he received personal injuries by reason

of an accident arising out of and in the course of his employment by the appellant in repairing gasoline pumps; that his occupation was that of a repairman; that the nature of the work in which he was engaged at the time of the accident was the repairing of gasoline pumps; that he was drilling in the bottom of the bowl on a gasoline pump with an electric drill, which slipped and caused the gasoline to become ignited; that medical and surgical treatment and hospital services were required but not furnished by appellant; that his face, eyes and hair were burned; that he had not fully recovered; that the extent of his injuries was unknown; that his average weekly earnings prior to his injury were $30; that, since his injury, he was earning or able to earn $30 per week in some suitable employment; that he had received nothing from appellant for any disability or for medical care and attention or hospital services and supplies; that he claimed $198.50 was due him for medical care and attention, hospital services and supplies and $30 per week for two weeks total disability, and that notice of his injury was served upon appellant on June 7, 1929.

A resume of the evidence is as follows: Appellant owned and operated in the city of Fort Wayne what is commonly known as a "gasoline filling station." The management of the business was given to one Joe Lazarus. The appellee understood the mechanism of the gasoline pumps so owned and used by appellant. He had worked for a period of four years in the factory which manufactured gasoline pumps of the kind installed in appellant's place of business. Shortly prior to June 7, 1929, appellee was employed by an insurance company to inspect the gasoline pumps of appellant and was in the employ of the insurance company and engaged in his work of inspecting pumps at appellant's place of business when Joe Lazarus asked appellee if he could alter the three gasoline pumps to conform to certain regulations

recently issued by the state authorities. The regulations required that all indicators which were on the outside of the glass bowls attached to the pumps should be placed on the inside thereof. Appellee answered that he could make the change on appellant's pumps to conform to the regulations. Nothing was said at the time of the aforesaid conversation or afterwards, as to when the appellee was to go to work, nor the hours he should work, nor the time he should lunch nor when he should quit in the evening. On June 7, 1929, appellee commenced work by removing the indicators and used his own tools, with the exception of a few wrenches and a step-ladder, which he secured at appellant's filling station. He purchased several special bits to use in his electric drill and other parts necessary to make the change, and charged the same to appellant. Nothing was said at any time as to what appellee would charge appellant for making the alteration in the three pumps. Appellee altered two pumps, placing the indicators on the inside thereof, and was engaged in making the change on the third pump when a spark from the electric drill so owned by appellee ignited the gasoline fumes in the glass bowl causing severe injuries to appellee's eyes. He was taken to a hospital, placed under the care of a physician and, 12 days thereafter, returned to appellant's place of business and finished the work. Appellee rendered a statement for 20 hours at $1 per hour, which was paid by appellant. The work in the alteration of the pumps was the only work appellee ever performed for appellant.

It also appears in evidence that Joe Lazarus directed appellee as to the pump he desired first altered and how he would like to have the valves of the several pumps arranged; also that, when appellee commenced work on the first pump, and was engaged in drilling through a quarter or half inch of gasoline in the glass bowl with an

electric drill, appellant, by Joe Lazarus, suggested that appellee drain the bowl of gasoline.

The Industrial Board found that on July 7, 1929, the appellee was in the employ of the appellant at an average weekly wage in excess of $30; and, on said day, appellee received a personal injury by reason of an accident arising out of and in the course of his employment, of which accidental injury the appellant had knowledge but did not furnish medical attention; that appellee was totally disabled for three weeks. An award of compensation was made of $16.50 per week beginning on June 15, 1929, for two weeks; that appellant pay the necessary medical, surgical and hospital services for the first 30 days and the costs of the proceeding, including attorney fees.

The appellant most vigorously asserts that the evidence conclusively determines appellee's relation to appellant to be that of an independent contractor and not an employee and, therefore, the finding of the Industrial Board is not sustained by sufficient evidence and the award is contrary to law.

The Industrial Board has found as an ultimate fact that the appellee was in the employ of appellant and if there be any competent evidence to sustain the finding of the board, it is conclusively binding upon the Appellate Court. *Bloomington, etc., Stone Co.* v. *Phillips* (1917), 65 Ind. App. 189, 116 N. E. 850.

It is also the law that it is within the province of the Industrial Board to determine the ultimate facts of the case and if, in determining an ultimate fact, the Industrial Board reaches a legitimate conclusion upon the evidential facts, the Appellate Court must not disturb that conclusion, even though it might prefer another conclusion which is equally legitimate. *National Biscuit Co.* v. *Roth* (1925), 83 Ind. App. 21, 146 N. E. 410.

An independent contractor has been defined in *Marion Malleable Iron Works* v. *Baldwin* (1924), 82 Ind. App. 206, 145 N. E. 559, as one who makes an agreement with another to do a piece of work, retaining in himself control of the means, method and manner of producing the result to be accomplished, neither party having the right to terminate the contract at will.

Appellant forcefully contends that the facts in this case are almost identical with the facts in *Marion Malleable Iron Works* v. *Baldwin, supra,* and, upon the authority of that case, the award should be reversed. We call appellant's attention to one circumstance which appears in the statement of facts in the Marion Malleable Iron Works case which does not appear in the facts before us. Baldwin reserved unto himself the right to hire assistants in the prosecution of the work and did employ an assistant to complete the job. This fact standing alone was insufficient to create the relation of an independent contractor, although it was a circumstance strongly indicative thereof. See *Waldron* v. *Garland Pocahontas Coal Co.* (1921), 89 W. Va. 426, 109 S. E. 729; *Kniceley* v. *West Virginia, etc., R. Co.* (1908), 64 W. Va. 278, 61 S. E. 811, 17 L. R. A. (N. S.) 370; 39 C. J. §1526, p. 1323.

As heretofore stated, the appellee, when the work was finished, rendered a statement to appellant charging $1 an hour for his services. While the mode of payment is not a decisive test in determining whether the appellee was an employee or an independent contractor, nevertheless it is a circumstance to be considered along with all the other circumstances in determining the relationship. *Crawfordsville, etc., Brick Co.* v. *Starbuck* (1923), 80 Ind. App. 649, 141 N. E. 7; *Indiana Iron Co.* v. *Gray* (1897), 19 Ind. App. 565, 48 N. E. 803; see 39 C. J. §1523, p. 1321.

Under the facts, the appellant could have discharged the appellee at any time, and the appellee could have ceased work when he chose, although the power of discharge on the one hand and the right to cease work on the other may not be sufficient of itself to establish the fact that appellee was an employee, nevertheless it is an important circumstance in establishing the relationship. *Board, etc.*, v. *Shertzer* (1920), 73 Ind. App. 589, 127 N. E. 843; *New Albany, etc., Mill* v. *Cooper* (1892), 131 Ind. 363, 30 N. E. 294; *Indiana Iron Co.* v. *Gray, supra.*

If the evidence in this case disclosed that the appellee carried on a separate and independent employment, which it does not do, that fact alone would not make him an independent contractor, although it, too, is a circumstance to be taken into consideration in determining the relationship. *Thompson* v. *Twiss* (1916), 90 Conn. 444, 97 Atl. 328, L. R. A. 1916E 506; *Madix* v. *Kochgrene Brewing Co.* (1913), 154 Wis. 448, 143 N. W. 189.

What are the evidentiary facts as to the relationship in this case? The appellee was engaged to do work for appellant and, when injured, was on appellant's premises and engaged in work for the benefit of appellant. See *Hinds* v. *Department of Labor and Industries* (1928), 150 Wash. 230, 272 Pac. 734, 62 A. R. L. 225; *In re Dobson* (1925), 124 Me. 305, 128 Atl. 401, 42 A. L. R. 603; the appellee was to perform the work with his own hands and not by deputy. See note to *Richmond* v. *Sitterling*, 65 L. R. A. 500; Moll, Independent Contractor and Employer's Liability §33, p. 70; the appellee was directed to purchase the materials necessary to make the alterations in the pumps and charge the same to appellant; see *Porter* v. *Withers Estate Co.* (1919), 201 Mo. App. 27, 210 S. W. 109; the appel-

lant, through his manager, did direct the manner in which the work was done although the evidence is very slight on this, a very decisive point; appellee was paid $1 an hour for his services; *Crawfordsville, etc., Brick Co.* v. *Starbuck, supra,* and appellee was not engaged in a separate and independent employment; see *Powell* v. *Construction Co.* (1890), 88 Tenn. 692, 13 S. W. 691.

We are cognizant that the decisive test of relationship under the authorities is the right of control on the part of the employer; that if the evidence shows affirmatively that the person performing the work retained in himself control of the means, method and manner of producing the result to be accomplished, he is an independent contractor. *Marion Malleable Iron Works* v. *Baldwin, supra.* But upon the evidentiary facts most favorable to the appellee and the legitimate inferences to be drawn therefrom, and, in the absence of specific evidence on the decisive test—the right of control or the retention thereof—we hold that appellee was an employee.

The appellee is not entitled to two weeks' compensation for total disability. He returned on the 19th day of June after his injury on the 7th, and completed his work. Under the evidence, the award for total temporary disability should have been in the sum of $11.79.

The award is affirmed upon condition that appellee remit $21.21 as of the day of the award, and that a certificate of such remittitur, signed by the secretary of the Industrial Board, be filed with the clerk of the court within 45 days; otherwise, award will be reversed.