## R. W. G. Foundry Company *v.* Proctor.

[No. 14,490.   Filed June 23, 1932.   Rehearing denied October 6, 1932.]

*Eph Inman* and *Grabill & Ringer,* for appellant.

*Samuel E. Johnson, Charles E. Smith* and *Keltner, Mays & Johnson,* for appellee.

KIME, P. J.—From an award in favor of appellee for 300 weeks at $16.50, plus hospital and statutory funeral expenses, the appellant brings this appeal, assigning as error that the award is contrary to law.

The evidence discloses that appellee's decedent was a moulder working at an electric machine used in connection with making moulds. When first found, he was grasping handles of the machine and lying thereon with his feet in wet sand. The electric current was connected with the machine. The shoes worn by decedent had nails that extended through the soles. Decedent had a weak heart and at least one doctor testified that one with a weak heart would be more susceptible to electric shock than a stronger person. Doctors testified that in their opinion the death was caused from disease but they would not say that it was not caused from electric shock. Two electricians testified the machine was not shorted but would not say that decedent could not receive a shock therefrom.

The question here is whether the decedent received an injury by accident.

This court is bound by the finding of the board, if there is any competent evidence to sustain it. The finding on this point was:

"That on July 21st, 1930, one Charles Proctor was in the employ of the defendant, R. W. G. Foundry Company, at an average weekly wage of $36.00, and on said date the said Charles Proctor received a personal injury by coming in contact with a metal instrument used by him in the performance of the duties of his employment, and which was, at the

time, highly charged with a current of electricity; that said personal injury resulted in the death of said employee on July 21st, 1931."

As indicated above, there was some evidence to support the finding. The question is not what this court would do with such evidence or what any other set of men would do if given the opportunity. The Industrial Board is the trier of the facts and their finding, when supported by any competent evidence, is conclusive. Many litigants make the mistake of failing to distinguish between any competent evidence and the weight of the evidence. Hence this court is confronted with many such cases as the decisions will show. A cold, dispassionate review of the facts of this case discloses some competent evidence upon which to base a finding. The rule has been announced and reiterated so many times that it seems almost unnecessary to refer to it. *Lazarus* v. *Scherer* (1931), 92 Ind. App. 90, 174 N. E. 293; *Czuczko* v. *Golden-Gary Co.* (1931), 94 Ind. App. 47, 177 N. E. 466.

The award is affirmed and the same is hereby ordered increased ten per cent.