TUCKER FREIGHT LINES, INC. *v.* BAKER ET AL.

[No. 14,776. Filed January 4, 1933. Rehearing denied April 6, 1933.]

*W. S. Carlisle, Henry L. Humrichouser, Parker, Cra-bill, Crumpacker & May* and *George N. Beamer,* for appellant.

*Chester L. Du Comb, Rollo E. Bon Durant* and *Clifford V. Du Comb,* for appellees.

WOOD, J.—Previous to December 4, 1931, Buford Baker had been in the employ of appellant for about four years, working in the capacity of a truck driver. At about 6:45 o'clock in the morning of that day, the truck which he was operating for appellant, collided with a freight train of the Chicago, South Shore and South Bend Railroad Co., being operated on its tracks located on Eleventh Street, in the block between Cedar and Lafayette Streets, in the city of Michigan City, resulting in his instant death.

The appellees, as surviving dependents, filed their claim for adjustment of compensation with the Industrial Board, on account of injuries causing his death, by reason of an accident arising out of and in the course of his employment by the appellant.

To this application appellant filed a special answer in two paragraphs. In the first paragraph of this answer appellant denied liability for compensation upon the theory that the death of Buford Baker was due to his commission of a misdemeanor, in that at the time he met his death he was operating the truck at a speed greater than was reasonable and prudent as provided in Sec. 10140, Burns Supp. 1929, Acts 1929, p. 616, and that he was operating said truck in a reckless and dangerous manner contrary to the provisions of Sec. 10142.4, Burns Supp. 1929, Acts 1927, p. 662.

In the second paragraph of this answer appellant denied liability for compensatioin upon the theory that the death of Buford Baker was the result of self-inflicted injuries.

On the issues thus formed a hearing was had before a single member of the Industrial Board who entered an order awarding compensation. On application of appellant the full board reviewed the evidence and likewise made an award of compensation to appellees. From this award appellant appeals, assigning as error that the award of the Full Industrial Board is contrary to law.

The burden was upon the appellant to prove the allegations of fact set forth in its special paragraphs of answer. *Czuczko* v. *Golden-Gary Co.* (1931), 94 Ind. App. 47, 177 N. E. 466, and authorities there cited.

On the issues tendered by the appellant in its special paragraphs of answer the full board made the following finding: "The Board further finds for the plaintiffs on each of the paragraphs and specifications of the defendant's special answer filed herein, wherein the defendant claims that the injury and death of said deceased employee was due to the commission of a misdemeanor."

It is within the province of the Industrial Board to determine the ultimate facts in each case, and if in determining such facts the Industrial Board reaches a legitimate conclusion upon the evidential facts, that conclusion must not be disturbed by the Appellate Court, even though it might prefer another conclusion which is equally legitimate. The Industrial Board has found as an ultimate fact that Buford Baker was not committing a misdemeanor at the time of receiving the injuries causing his death and that said injuries were not self-inflicted. There is competent evidence in the record which sustains this finding and it is conclusively binding upon this court. *Lazerus* v. *Scherer* (1930), 92 Ind. App. 90, 174 N. E. 293.

The award of the full Industrial Board is affirmed and increased five per cent as provided by statute.