## Page *v.* Hart Glass Manufacturing Company.

[No. 14,759. Filed January 28, 1933.]

*Zoe M. Wyatt,* and *Seebirt, Oare, Deahl & Omacht,* for appellant.

*Bracken, Gray & Defur,* for appellee.

DUDINE, J.—This is an appeal from an award of the full Industrial Board in which the finding was that the injury complained of ". . . was not the result of an accident arising out of and in the course of her employment, . . ." and the Industrial Board entered an award in favor of the defendant.

Appellant, plaintiff below, appeals to this court, assigning as her only assignment of error that the award is contrary to law.

Appellant began working in appellee's glass factory about Thanksgiving, 1927, carrying bottles from a machine to an oven. Batches of ingredients containing two pounds of arsenic to each 1,200 pound batch were dumped in a large bunker in the same room where appellant worked. Some dust arose from the bunker when the batches were dumped. Appellant had nothing to do with the batches. She had worked in that room, at the same job, under the same conditions, until December, 1929, when she became ill, consulted a doctor and laid off about three weeks, and went back to work. One morning in January, 1930, when she got up to go to work, she became suddenly blind. Her condition improved somewhat but she never regained normal vision.

Appellant contends that her blindness was due to the arsenic laden dust which she inhaled and which fell upon her while engaged at her work—and she further contends the incident of her becoming blind, which occurred in January, 1930, was an accident within the meaning of the compensation law. There was substantial evidence to the effect that inhalation of dust, in the quantity complained of by appellant, and ladened with arsenic in the proportion complained of by appellant, could not have caused appellant's blindness, and that the blindness was due to congenital defects.

The board's finding that the injury was "not the result of an accident arising out of and in the course of

her employment" was the finding of an ultimate fact. There being substantial evidence to sustain this finding, this court should not and will not disturb that finding on appeal. *Lazarus* v. *Scherer* (1931), 92 Ind. App. 90, 174 N. E. 293.

Award affirmed.