## CASTLEMAN v. EAVES.

[No. 14,965. Filed September 21, 1933.]

Burke G. Slaymaker, Clarence F. Merrell, Theodore L. Locke, James V. Donadio and Clarence D. Ihrig, for appellant.

Eli F. Seebirt, Lenn J. Oare, Orlo R. Deahl and George W. Omacht, for appellee.

WOOD, P. J.—The appellee, as the only surviving dependent of her husband, Levi J. Eaves, filed a claim with the Industrial Board for adjustment of compensation for his death as result of an accident arising out of and in the course of his employment by the appellant. From an award of compensation made by a majority of the full Industrial Board this appeal is prosecuted.

The only question presented by the record for our consideration is the sufficiency of the evidence to sustain the finding of facts upon which the award of a majority of the full Industrial Board is based. All facts are agreed upon, except the fact as to whether the decedent died as the result of an accident arising out of and in the course of his employment.

It is established by an unbroken line of authorities that this court will not weigh the evidence in an appeal from the full Industrial Board, and the finding of facts made by such board is binding upon this court and it is only where there is a total lack of evidence to sustain some necessary fact upon which the award is based that it will be set aside.

"It is also the law that it is within the province of the Industrial Board to determine the ultimate facts of the case, and if, in determining an ultimate fact, the Industrial Board reaches a legitimate conclusion upon the evidential facts, the Appellate Court will not disturb this conclusion, even though it might prefer another conclusion which is equally legiti-

mate." *Lazarus* v. *Sherer* (1931), 92 Ind. App. 90, 174 N. E. 273.

With the above rules of law as our guide, we have made a careful and thorough examination of the evidence in this case, and find that there is sufficient evidence to sustain the finding of facts made by the Industrial Board.

The award is affirmed with the additional penalty of five per cent as required by statute.