## LESTER ET AL. *v.* ICE HARDWARE COMPANY.

[No. 15,158.   Filed March 15, 1934.]

*Horace G. Yergin* and *Eugene H. Yergin,* for appellants.

*James L. Murray,* for appellee.

WOOD, C. J.—Thomas Lester, while in the employ of appellees, met with an accidental injury resulting in his death. The appellants, his dependents, filed their claim with the Industrial Board for adjustment of compensation. Proceedings were had upon this claim, finally resulting in the full Industrial Board entering an order denying compensation. From this order the appellants appeal to this court, assigning as error for reversal, that the award of the full Industrial Board is contrary to law.

The question which we are required to pass upon by the record in this case, requires a consideration of the evidence. Appellee insists that the appellants have failed to set out a condensed recital of the evidence in narrative form as required by rule 21 of this court, and that therefore there is no question before us for examination. We agree with appellee's contention, but they have cured the defects in appellant's brief, inasmuch as they have set out a complete resume of all the evidence contained in the record in their own brief. The appeal is before us for determination on its merits. *Hughes* v. *State ex rel. Sutton* (1912), 50 Ind. App. 617, 98 N. E. 839.

A majority of the full Industrial Board found, "that the death of Thomas Lester did not arise out of nor was (it) in the course of his employment with the defendant."

The decisions in this state hold, without exception, that this court will not weigh the evidence in an appeal from the full Industrial Board. The finding of facts made by such board is binding upon this court. It is only where there is a total lack of evidence to sustain some essential fact upon which the award is based that it will be set aside. The Industrial Board has the power to determine the ultimate facts in the case and if in doing this it reaches a legitimate conclusion upon the evidential facts, this court must not disturb that conclusion, though it might prefer another conclusion equally legitimate. *Lazarus* v. *Scherer* (1931), 92 Ind. App. 90, 174 N. E. 293.

With these rules to guide us, we have carefully examined the evidence in this case. There is sufficient evidence to sustain the finding of facts made by the Industrial Board.

The award is affirmed.