## SMELTZER *v.* STANDARD OIL COMPANY.

[No. 15,571.   Filed December 20, 1935.]

*William Ryan,* for appellant.

*Tinkham & Tinkham,* for appellee.

WIECKING, J.—This is an attempted appeal from an award of the Industrial Board of the State of Indiana seeking the review of an order and award of said board denying compensation to the appellant.   Appellant assigns as error to the court: "(1) The finding of the board is contrary to law, and (2) the finding of the board is not sustained by competent evidence."

The appellant's action is predicated upon an injury which he contends is the result of an accident arising out of and in the course of his employment.   His de-

scription of the accident and injury contained in his second application for compensation upon which the action was tried is as follows:

"6. Description of accident and cause of injury: While working in the filtration plant, was overcome by gas as a result of which he fell striking his chest.

\* \* \* \*

"12. Nature of Injury: Injury to chest resulting in bilateral bronchiectasis."

The brief of the appellant fails in many particulars to present a proper question to this court. Apparently no effort has been made to comply with the rules of this court on the preparation of briefs (Rule 21 of the Supreme and Appellate Courts of Indiana). The pertinent part of the finding and award of the Industrial Board from which the appellant attempts to appeal is as follows:

"And the full Industrial Board, having heard the argument of counsel, having reviewed the evidence and being duly advised therein, now finds that on or about March 22, 1933, plaintiff was in the employment of the defendant at an average weekly wage of $30.00; that on February 22, 1935, plaintiff filed his application for the adjustment of his claim for compensation.
"It is further found by the full Industrial Board that plaintiff has suffered no disability as the result of an injury arising out of and in the course of his employment with the defendant.

"ORDER.

"It is therefore considered and ordered by the full Industrial Board of Indiana that plaintiff take nothing by his complaint herein and that he pay the costs of this proceeding."

The only question presented to this court by the record is the sufficiency of the evidence to sustain the finding of facts upon which the award of the full Industrial Board is based.

There is evidence in the record in this case that the claimant had been a coal miner for some ten years prior to his employment by the appellee; that appellant had a history of frequent colds and influenza in December, 1932, and that he had had pneumonia as a child. There was medical testimony to the effect that the bilateral bronchiectasis complained of was due to these conditions rather than to the inhalation of gas or a traumatic injury to his chest.

It is well settled by this court that we will not weigh the evidence, where there is any competent evidence to sustain the finding and award of the Industrial Board. When the facts proven are such that reasonable men could draw different conclusions therefrom, such award will not be disturbed on appeal. *Shepard* v. *Washington Park Cemetery Assn.* (1933), 97 Ind. App. 455, 186 N. E. 356; *Castleman* v. *Eaves* (1933), 97 Ind. App. 363, 186 N. E. 904; *Roush* v. *W. R. Duncan and Son et al.* (1933), 96 Ind. App. 122, 183 N. E. 410.

We have made a careful and thorough examination of the evidence in this case and find there is sufficient evidence to sustain the finding of facts and the award of the Industrial Board.

Award affirmed.