BRANDENBURG *v.* ZIFFRIN TRUCK LINES, INC.

[No. 16,362. Filed May 22, 1939.]

*Harry L. Gause,* for appellant.

*Cooper, Royse, Gambill & Crawford,* for appellee.

CURTIS, C. J.—This is an appeal from a final award of the full Industrial Board of Indiana, growing out of the appellant's application for compensation, in which he alleged that he received an accidental injury resulting in total disability, arising out of and in the course of his employment by the appellee. No special answer was filed to the application.

That part of the finding and award of the full board pertinent to this opinion is as follows:

"The full Industrial Board having heard the argument of counsel, having reviewed the evidence,

and being duly advised therein, now finds that on January 6, 1938, the plaintiff suffered an accidental injury from which he became disabled on the date thereof, and is so disabled at the time of this hearing. That on July 14, 1938, plaintiff filed his application for the adjustment of a claim for compensation.

"The full Industrial Board by a majority of its members now finds for the defendant on plaintiff's application, that plaintiff was not an employee of the defendant at the time of the accidental injury within the meaning of the Indiana Workmen's Compensation Act.

## AWARD

"IT IS THEREFORE CONSIDERED AND ORDERED by the full Industrial Board of Indiana by a majority of its members that the plaintiff shall take nothing by his complaint herein, and that he shall pay the cost of this proceeding."

The error assigned in this court that presents all questions sought to have reviewed is that the said award of the full Industrial Board is contrary to law.

It is agreed by both sides that the decision of the board that the applicant was not an employee of the appellee within the meaning of the Workmen's Compensation Act of Indiana, at the time of his injury, is the basis for the only question herein.

In our opinion the sole question presented is: Is there sufficient competent evidence in the record, or legitimate inferences that may be drawn from such evidence which, when viewed most favorably to the appellee, will sustain the finding of the full Industrial Board that the appellant was not an employee of the appellee within the meaning of the Workmen's Compensation Act, at the time of the accident for which compensation is sought? See: *Roehm* v. *Cutshall* (1935), 99 Ind. App. 664, 192 N. E. 848, wherein the above law is fully announced. See also: *Claypool Machine Co.* v. *Cripe* (1937), 104 Ind. App. 156, 10 N. E. (2d) 427.

The rule is laid down in the above cases and in numerous others that where the Industrial Board has examined the evidence and made its finding of facts and made an order based thereon, that this court will not weigh the evidence and substitute its judgment for the judgment of the board unless the evidence is of such a conclusive character as to force a conclusion contrary to that of the board.

The appellant contends that the evidence conclusively shows that he, at the time of the injury, was an employee of the appellee. On the other hand it is the appellee's contention that there is an abundance of evidence to sustain the finding of the board that the appellant was an independent contractor. By reason of the fact that this court has, in many of its recent decisions, stated the general rules governing the determination of the question as to who is an employee and who is an independent contractor, we do not deem it necessary to restate them. See: *Lazarus* v. *Scherer* (1931), 92 Ind. App. 90, 174 N. E. 293; *Petzold* v. *McGregor* (1931), 92 Ind. App. 528, 176 N. E. 640; *Carr* v. *Krekeler, Gdn.* (1932), 94 Ind. App. 508, 181 N. E. 526.

The evidence discloses that the appellant was engaged by the appellee under a written contract to do certain hauling work at a stated price per trip and load; that he was to have his own employees to help him without reference to the appellee and was required to carry compensation insurance upon his said employees and he was to pay all taxes and license fees required by the state; and that he agreed to furnish and maintain at his own expense the necessary equipment to perform the work. Many other items of evidence might be mentioned, some of which tend to support a conclusion that appellant was an employee. But much of the evidence tended strongly to sustain the finding that he was an independent contractor. In an effort to

determine his status the board heard evidence calculated to show the practical construction placed upon the contract by the parties. We have read the evidence carefully and while it is such that reasonable men can draw different conclusions from it, as is evidenced by the fact that the Industrial Board itself was divided in its opinion, yet this court would not be justified in substituting its judgment for that of the board.

The award is affirmed.