CURTIS STORAGE AND TRANSPORTATION CO. *v.* ROSENBERG.

[No. 16,100. Filed June 12, 1939.]

*Fenton, Steers, Beasley & Klee, Paul F. Clark, James C. Jay* and *Otis E. Gulley,* for appellant.

*Louis Rosenberg* and *Hume & Gaston,* for appellee.

CURTIS, J.—This was an action brought by the appellee against the appellant and one Joseph A. Blackburn for the value of certain books alleged to have been converted by the appellant and said Blackburn. The cause was submittted to a jury for trial upon the third amended complaint of the appellee to which an answer of general denial was filed, resulting in a verdict in favor of the appellee in the sum of $1,646.50 against the appellant upon which verdict a judgment was duly entered. Before the beginning of the trial the cause af action as to Blackburn was dismissed.

The appellant, in due time, filed a motion for a new trial which was overruled. This appeal followed, the only error assigned being the ruling on said motion. The motion for a new trial contained twenty-eight causes or grounds. Those which are presented for review may be summarized as follows: The verdict of the jury is not sustained by sufficient evidence; is contrary to law; the amount of the recovery too large; alleged error in refusing to give a peremptory instruction for the appellant, both at the close of the appellee's evidence and at

the close of all of the evidence; error in the rulings as to the admission and rejection of certain items of evidence and the refusal to strike out the said items of evidence admitted; error in the giving of each of instructions number 6 and 9 given by the court on its own motion and error in the refusal to give each of certain instructions tendered by the appellant.

The evidence following closely the allegations of the complaint and stated most favorably to the appellee as it must be under the rules tended to show that the appellee engaged the Curtis Brothers Transfer Company, a corporation, to bring his books from New York to Indianapolis. These books consisted of his private library composed of some rare and valuable books, some of them autographed by the author. After the books were transported to Indianapolis, the appellee engaged the said Curtis Brothers Transfer Company for a consideration to store said books for an indefinite period of time, the storage to be paid at the time the books were removed from storage. A receipt was given the appellee. Shortly thereafter the appellant, the Curtis Storage and Transportation Company took over the business of the Curtis Brothers Transfer Company. A joint petition was filed by these two companies with the Public Service Commission of Indiana and on November 17, 1933, authority was granted by said Public Service Commission of Indiana to the appellant to take over the business of the Curtis Brothers Transfer Company. Thereafter, the appellant retained in its employ most of the officers and employees of the former Curtis Brothers Transfer Company and the office freight bills were changed to appellant's name. One Proudy was retained as manager. In October, 1934, the appellee and Proudy made an arrangement for the books to remain stored in the office of the appellant, the charges to be paid when the books were taken out. With the petition filed before the Public

Service Commission of Indiana, the appellant filed its affidavit in which it stated that it was taking over and succeeding to the business of the Curtis Brothers Transfer Company. After the books in question were stored by the Curtis Brothers Transfer Company and after the appellant had taken over said business the said books were removed by it, together with their other effects to a new location where said books remained in the possession of the appellant and were seen from time to time by the appellee. Sometime in October, 1934, the appellee ordered the books delivered by the appellant to the home of the appellee's sister. This order was shortly thereafter countermanded by the appellee for the reason that he found there was no accommodation for his books at his sister's home and they were then left in the possession of the appellant. In July, 1935, the appellee called for his books and the manager at that time for the appellant asked the appellee for his receipt, which receipt was by the appellee turned over to the appellant. The appellee at that time demanded his books and offered to pay the storage and other charges but the appellant failed and refused to deliver said books. There was evidence on the part of the appellant that the books were worth possibly one-half the amount the appellee said they were worth, but there was other evidence before the jury to the effect that the books were worth as much as $2,000.00. There is therefore no merit in the contention that the amount of the verdict and judgment was too great. All or practically all of the contentions raised by the appellant in connection with the admission and rejection of evidence and in connection with the giving of and refusal to give instructions are centered around the proposition of the appellant that the appellant company did not take over the business of the Curtis Brothers Transfer Company and that it did not have in its possession at any time

the books of the appellee. Much time and effort has been spent by the appellant in discussing its objections to the rulings as to the evidence and to the instructions, but an examination of the record as a whole discloses that there was ample evidence to sustain the verdict of the jury and that the jury was fully and fairly instructed.

We think the jury was fully warranted from the evidence properly admitted to conclude that the appellant company by virtue of its own agreement with the appellee had possession of those books as bailee for hire and that it failed and refused to deliver the same. The complaint alleged that "at the time it (appellant) succeeded to and took over the assets of the business of said Curtis Brothers Transfer Company it took over and held for storage for this plaintiff his said books delivered to the said Curtis Brothers Transfer Company as aforesaid." There was proof that as late as October, 1934, the appellee saw the books at the appellant's office and then offered to pay storage but was told by the appellant's manager that "We will make it C. O. D. if you want to." This being the state of the evidence the appellant's contentions that improper evidence was admittted to show that the appellant took over, as successor, the business of the Curtis Brothers Transfer Company is too technical and beside the point.

The appellant complains of instruction number 9 as well as another instruction given by the court on its own motion. Said instruction number 9 is as follows:

"If you find from all the evidence in this case that a contract was entered into between the plaintiff and the defendant in this cause whereby the defendant was to receive a consideration for the storage of books as alleged in plaintiff's complaint and that the defendant agreed to store said books for the plaintiff for said consideration and defendant took said books and stored them, then I instruct you that said defendant is a bailee for hire."

The chief objection made by the appellant to said instruction number 9 is that "this instruction instructed the jury on a matter that was not in issue." We think that the appellant is in error as to the said instruction and that it is not subject to the objection made to it. The court heard evidence tending to sustain the allegation of the complaint to the effect that the appellant took over and held for storage "the appellee's said books." But were the said allegations of the complaint deficient in the manner contended for by the appellant, yet the pleading might have been amended in the court below and such defect "shall be deemed to be amended" in this court. See: §2-3231 (725) Burns 1933. The instruction is not subject to the objection made by the appellant.

We have examined the instructions given by the court as well as those tendered by the appellant and refused. In our opinion there was no error as to instructions.

No reversible error being shown the judgment is affirmed.