VAN DRAKE v. THOMAS ET AL.

[No. 16,675. Filed January 21, 1942. Rehearing denied March 6, 1942.]

588

590

592

*Gavit & Richardson,* of Gary, for appellant.

*Edwin K. Rader,* of Clayton, Missouri, and *John P. Crumpacker,* of Valparaiso (*Grant Crumpacker,* of Valparaiso, of counsel), for appellees.

BLESSING, J.—The appellee Marie Thomas (plaintiff below) brought this action against the appellant and Lloyd Van Hesley to recover damages for personal injuries received by her, on the 19th day of November, 1937, in an automobile collision between a car driven by herself and a car driven by one Lloyd Van Hesley. Van Hesley was made a party defendant but was not served with process, and the judgment of the lower court in the sum of $3,250 was against the appellant.

The action against the appellant was on the theory that at the time of the collision, Van Hesley was an employee of appellant, acting within the scope of his employment, and that the appellant was liable for the negligent conduct of Van Hesley under the doctrine of *respondeat superior.* The appellant timely filed his motion for a new trial, which was overruled; and this ruling is assigned as cause for reversal.

The specifications in the motion for a new trial are:

1. The verdict is not sustained by sufficient evidence.

2. Error in admitting in evidence plaintiff's exhibit number 12.

3. The verdict is excessive.

4. Error in giving each of the court's instructions numbered 4, 9, 10, 11, 14 and 15 respectively.

5. Error in refusing to give each of appellant's tendered instructions numbered 4, 5, 6, and 15 respectively.

The complaint charged Van Hesley with operating his car to the left of the center of the highway; that he permitted his car to become out of control; and that he operated the same at a high, reckless and dangerous rate of speed in consideration of the weather and the condition and contour of the highway. The evidence amply sustains one or more of the charges of negligence against the operator of the car which collided with the car driven by appellee; but it is contended, under the first specification of the motion for a new trial, that there is a total failure to identify Van Hesley as the operator of the car which was in collision with the one driven by appellee. An examination of the record convinces us that this contention is without merit. Van Hesley testified that he had an accident on the morning of the 19th day of November, 1937, on his way from Springfield, Illinois, to the City of Alton; that he thought the accident occurred six to ten miles out of Alton; and that he owned and was driving a Lincoln Zephyr coupe which contained some 40,000 potato peelers contained in packages together with a certain amount of advertisement in each package, all of which merchandise, of the approximate value of $12,000, belonged to and was the property of the appellant. A witness, Mr. Gimpel, who was the first person to arrive at the scene of the accident and who had traveled from St. Louis, testified

that the accident occurred about seven miles north of Alton. He saw the two cars and described the Lincoln Zephyr and the character of merchandise contained therein. On the stand he identified a photograph as one of the Lincoln involved in the wreck. The following question was propounded to this witness: "Was Mr. Van Hesley in the car when you reached there?"; to which the witness answered, "Yes, sir." This same witness also said he took *Van Hesley* out of the Lincoln car. There was no cross-examination of this witness and, as to the identity of the operator of the Lincoln car, there was sufficient evidence to carry this question to the jury.

The appellant makes the further contention, under the same specification for a new trial, that the evidence is insufficient to establish the master-servant relationship between him and Van Hesley, the operator of the car, but on the contrary discloses an employer-independent contractor relationship between said parties. This contention requires a further consideration of the evidence. It appears that Van Hesley contacted the appellant through an advertisement which appellant ran in a Chicago paper, the salient part of which is as follows: "Experienced Advertising Executive Salesman; straight salary and bonus on sales. Only men of high caliber with car, single or free to travel need apply. $50.00 per week guaranteed." Van Hesley was employed by the appellant during the fore part of 1937, and worked upon a salary and bonus until some time in August of that year, subsequent to which time, and at the time of the accident, he was working on a straight commission. Other than the change from a salary and bonus, from which social security deductions were made, to a straight commission, Van Hesley testified that there

was no change in their contractual relation. The appellant fixed the territory, changed it from time to time, directed Van Hesley to omit certain towns in the territory, and also directed him to call on certain prospective customers, including persons outside of his territory. Van Hesley secured appellant's merchandise at Valparaiso, Indiana, carried what his car would accommodate, and receipted for the merchandise taken but did not pay for it. Appellant fixed the selling price; and Van Hesley sold this merchandise, delivered it, collected for it, and when paid for by check, had the check certified, and then mailed it to appellant. Van Hesley reported his doings each day, and appellant knew where to locate this salesman each night. Van Hesley testified that he complied with the instructions to go places outside his territory or he would have had no job, and that the details of working his territory were based on instructions from appellant with respect to price and the number of thousands of the peelers to be sold to give the purchaser the exclusive right in the locality. He also testified that he was not free to determine the number of hours or days he worked; that he carried a letter of credit from appellant and could cash appellant's checks at any hotel. There was evidence that appellant reserved the right to approve any credit extended, and that the contract of employment could be terminated at the will of either party. On the day of the accident, Van Hesley left Springfield, Illinois, in the morning, to meet a prospective customer in Alton, Illinois, with whom he had made a business engagement. He said he expected to leave Alton not later than noon of that day; and after returning to Springfield and then to Peoria to pick up his wife, to go to Valparaiso, Indiana, at appellant's request and there receive instructions as to what not to do or instructions

to start to do something. There were contradictions to some of the facts above recited; but on the immediate question herein involved, this court is limited to a consideration of the evidence most favorable to the appellee.

Leaving out of consideration an insurance policy, which we will later consider, admitted as an item of evidence on the question of agency, we are required to determine whether the facts hereinbefore set out, and such reasonable inferences deducible therefrom, are sufficient to sustain the verdict of the jury on the issue of a master-servant relationship between appellant and Van Hesley.

"While the maxim respondeat superior is often said to be founded upon the principle that one who expects to derive profit or advantage from an act done for him by another must answer for any injury which a third person may sustain from the doing of that act, the real test of liability is the power or right of control of the employee rather than the benefit which may be derived from his services.

". . . It is not, however, essential that the master's control be in fact exercised, if he in fact has that power of control." 35 Am. Jur. Master and Servant, § 539, p. 967.

This court has approved and followed the principle as above announced. *Premier Motor Mfg. Co.* v. *Tilford* (1916), 61 Ind. App. 164, 111 N. E. 645; *Coppes Bros. & Zook* v. *Pontius* (1921), 76 Ind. App. 298, 131 N. E. 845; *Lazarus* v. *Scherer* (1931), 92 Ind. App. 90, 174 N. E. 293.

The same doctrine has been approved by the courts of Illinois, the state in which this accident occurred. *Darner* v. *Colby* (1941), 375 Ill. 558, 561, 31 N. E. (2d) 950, 952. In this case the court said:

". . . The right to control the manner of doing the work is of principal importance in the consideration of the question whether the worker is an employee or an independent contractor. . . . The test is in the right to control and not the fact of whether actual interference with the method of doing the work is shown by the evidence. If the person for whom the work is being done retains the right to control the manner in which the work is to be done, the relation of employer and employee exists."

Where the work is not of a character requiring a great deal of supervision, failure to supervise does not change the relationship of employer and employee. *Franklin Coal Co.* v. *Industrial Com.* (1921), 296 Ill. 329, 129 N. E. 811.

It will be noted that, under the facts stated, appellant could have discharged Van Hesley at any time, and Van Hesley could have ceased to work when he chose. This court has said, that while the power to discharge on the one hand and the right to cease work on the other may not be sufficient of itself to establish the master-servant relationship, it is an important circumstance in establishing such relationship. *Lazarus* v. *Scherer, supra.* See also *Industrial Com.* v. *Northwestern Co.* (1939), 103 Colo. 550, 88 P. (2d) 560.

An "independent contractor" has been defined in *Marion Malleable Iron Works* v. *Baldwin* (1924), 82 Ind. App. 206, 145 N. E. 559, as one who makes an agreement with another to do a piece of work, retaining in himself control of the means, method and manner of producing the result to be accomplished, neither party having the right to terminate the contract at will. While it is true, as shown by the undisputed evidence, that at the time of the accident Van Hesley was on his way to see a prospective customer whom he

personally had contacted and had chosen his own route of travel, these facts alone are not determinative of the relationship existing at that time between appellant and Van Hesley. The difference between an independent contractor and a mere servant is to be determined from the agreement as a whole. *Jones* v. *Bergman* (1938), 105 Ind. App. 429, 15 N. E. (2d) 740.

Under the law and the facts hereinbefore set out, the question of whether a master-servant relationship existed between the appellant and Van Hesley was properly submitted to the jury; and the jury having found such relationship to exist between said parties upon evidence sufficient to support the finding, this court does not have the power to disturb it.

In addition to the facts hereinbefore set out bearing on the relationship existing between the appellant and Van Hesley, there was offered and admitted, over appellant's objection, an insurance policy marked for identification, plaintiff's exhibit 12. Error is predicated on the ruling of the court in admitting this item of evidence. At the time the policy was admitted as evidence, the court restricted its purpose in this language: "Now this policy is admitted, gentlemen of the jury, solely on the issue or question of agency, which might or might not exist here between this defendant and Van Hesley, and for no other purpose."

Appellant contends that this exhibit was not material to any issue in the case; that the policy contained no admission of a relationship between the appellant and Van Hesley such as would make appellant legally responsible for Van Hesley's acts; that the relation between these parties at the time of the accident was different than when the policy was issued, and that the evidence was prejudicial to appellant. We think it pertinent, on the admissibility of this item of evidence,

to note some of the terms of the policy. It carries the indorsement, "Employer's Non-ownership Liability Endorsement Auto." Another term or provision is, "The insurance applies only to the use . . . in the business of the named insured as expressed in the declarations, and to the use in such business by any *employee* of the named insured, named in the schedule." This further provision is found in the policy, "Use of the automobile for the purposes stated includes the loading and unloading thereof." Under the schedule, "Name of Employee, Direct Agent or Representative" appears with others, the name of "Lloyd Van Hesley."

This policy was in force at the time of the accident. It had been taken out at a time when Van Hesley was working on a salary and commission, but was not cancelled subsequent to the time when he began working on a straight commission, nor was there a return of a portion of the premium. Since the contract of employment between these parties was oral, the question of whether a master-servant relationship existed was properly submitted to the jury; and Exhibit 12 was admissible on this issue. *McDonald v. Swanson* (1937), 103 Ind. App. 171, 1 N. E. (2d) 684; *Bates Motor Transport Lines, Inc.* v. *Mayer, Admx.* (1938), 213 Ind. 664, 14 N. E. (2d) 91; *Boten* v. *Ice Company* (1914), 180 Mo. App. 96, 166 S. W. 883; *Davis* v. *Shipbuilding Co.* (1920), 180 N. C. 74, 104 S. E. 82; *Vacker* v. *Yeager* (1909), 151 Ill. App. 144, 152.

In the last case, the court said:

". . . It is urged on behalf of defendants that the subject-matter of his cross-examination was wholly irrelevant and improper, and that its admission operated to seriously prejudice their case. This evidence adduced upon the cross-examination of the witness Yeager was in the nature of an admission by conduct, and while not conclusive

in its character it was competent to be considered by the jury in determining the main issue in the case, viz., whether the plaintiff was a servant of the defendants or of the independent contractors. Where the existence of the relation of master and servant is an issue in a case, such as that at bar, it has been held, and we think properly, that it is competent for the plaintiff to show that the defendant carried indemnity insurance upon the employes, including the plaintiff. . . . Any act or conduct on the part of a defendant which is inconsistent with a defense interposed by him is generally admissible in evidence and proper to be considered by the jury in determining the issue involved, and the fact that such evidence may have but a slight bearing upon the issue does not render it incompetent but merely affects its weight."

Appellant also attacks the statement of the court made at the time of the ruling and contends that the use of the term "agency" in the statement permitted the jury to assume that if the policy admitted *any agency*, it was pertinent proof against Van Drake. While we are of the opinion that the court should have limited this item of evidence to a master-servant relationship, we are also convinced from an examination of instructions ten and eleven, which fully and accurately informed the jury that there could be no recovery against Van Drake unless a fair preponderance of the evidence established a master-servant relationship, that the jury was not misled by the court's statement and the use of the term "agency."

The appellant contends that the court erred in giving to the jury a number of instructions, among which is instruction number 4. This instruction told the jury that:

"The facts necessary to be established by the plaintiff by a preponderance of all of the evidence, to entitle her to recover against the defendant, Van Drake, are:

"FIRST: Negligence on the part of the defendant, Van Hesley, in the matter complained of;

"SECOND: Plaintiff's freedom from fault or negligence in the matter complained of;

"THIRD: That the defendant, Van Hesley, at the time of the matter complained of, was the employee or servant of the defendant, Van Drake;

"FOURTH: That the injuries to the plaintiff were proximately caused by the negligence of said Van Hesley while acting as the employee or servant of the defendant, Van Drake.

"A failure to establish any of these by a preponderance of all of the evidence will preclude a recovery on the part of the plaintiff in this case."

The appellant insists that this instruction is erroneous because it omitted the following essential elements of plaintiff's proof: (1) It did not limit a recovery to negligence alleged; (2) it did not limit a recovery to negligence within the scope of Van Hesley's employment; (3) it permitted a recovery on a finding that Van Hesley was either "the employee or servant of the defendant Van Drake"; (4) that the use of the phrase, "a failure to establish any of these," conveyed the idea that the plaintiff could succeed if she established either of the essentials required by the instruction. While this instruction is not a model one, we do not think the criticisms directed to it are sufficient to cause a reversal of this case. "Negligence on the part of Lloyd Van Hesley, *in the matter complained of,*" is, by a fair construction, the negligence alleged in the complaint. The court, after stating that plaintiff would have to establish that Van Hesley was an employee or servant of Van Drake, also said that plaintiff would have to prove, "That the injuries to the plaintiff were proximately caused by the negligence

of said Van Hesley *while acting as the employee or servant of the defendant, Van Drake."* The phrase, "while acting as the employee or servant of the defendant, Van Drake" is equivalent to the expression, "within the scope of Van Hesley's employment." Again with respect to the second criticism, if Van Hesley were found to be an employee of Van Drake, then there was no conflict in the evidence upon the question as to his being engaged within the scope of his employment at the time of the accident; and this being so, the appellant has suffered no harm. *Tomlinson* v. *Briles* (1885), 101 Ind. 538, 1 N. E. 63.

Under the third criticism, appellant contends that this instruction warranted a recovery on a finding that Van Hesley was an employee, and that the term "employee" is broad enough to include an independent contractor. In the court's instructions numbers 10 and 11, the jury was instructed with respect to the differences between an employee and independent contractor, and by these instructions, the jury was admonished that no liability would attach to the appellant, if it found Van Hesley to be an independent agent or contractor. Considering instruction number 4 together with instructions numbers 10 and 11, the jury was fully informed as to the relationship necessary to be established before the negligence of Van Hesley could be imputed to the appellant. In the case of *Livingston* v. *Rice* (1933), 96 Ind. App. 176, 178, 184 N. E. 583, this court said:

"In considering an instruction given, for the purpose of determining if the action of the court, in giving it, constitutes reversible error, the initial point of inquiry is, was the jury misled? . . . Instructions are considered with reference to each other, and as an entirety, and not separately or in dissected parts; and if the instructions as a whole correctly and fairly present the law to the

jury, even if some particular instruction, or some instruction standing alone, or taken abstractly, and not explained or qualified by others, may be erroneous, the cause will not be reversed."

The final criticism to instruction 4 is that the use of the word "any" in the last sentence required the jury to find for the plaintiff unless she failed to establish all four of the essentials enumerated in said instruction. The word "any" is frequently used and interpreted to mean "any one" and it is clear that it was so used in this instruction.

The court's instruction number 9 defined contributory negligence as applicable to this case and is attacked by the appellant on the grounds; first, that it assumed the existence of injuries, and second, that it assumed that the plaintiff suffered the injuries complained of in her complaint. Again we find no conflict in the evidence as to plaintiff's injuries. This instruction, when considered with other instructions given by the court, could not have misled the jury. The court's instruction number 14 explicitly limited the damages recoverable to those shown by a fair preponderance of the evidence. The jury was further admonished in this instruction by the following language: "In assessing damages, as in every other question you may be called upon to decide, you are bound strictly by the evidence relative to the question of damages."

Appellant complains that the court's instruction number 10 placed the burden of proof upon the appellant. The court correctly stated the law as to burden of proof in instructions 3 and 5. The court told the jury in this instruction that if Van Hesley was an independent contractor then his negligence would not be imputed to Van Drake. Appellant contends that under such instruction the jury, to absolve

Van Drake, would have to affirmatively find that Van Hesley was an independent contractor. In view of the evidence submitted in this case, the jury was required to find that Van Hesley was either an employee of Van Drake or an independent contractor. It seems clear that the above objection is without merit, as the court was merely stating the law on imputed negligence in each relationship. The instruction contained the following provision: "On the other hand, if you find from the facts and circumstances in evidence before you in this case, under the instructions of the court, that the said Van Hesley, in the use and operation of his said Lincoln Zephyr at the time of the occurrence of the said accident in controversy, was the employee or acting as the employee within the scope of his employment for the defendant, Van Drake, then his, Van Hesley's, negligence, if any, would be imputed or chargeable to the defendant, Van Drake, the same as if the defendant, Van Drake, had been driving said automobile himself." In view of this provision in instruction number 10, the contentions of the appellant that the instruction assumes that Van Hesley was negligent in the operation of the car, and that it fails to include that he must have been acting within the scope of his authority are not tenable.

Appellant claims that the court erred in giving to the jury the court's instruction number 11. The first paragraph of this instruction is as follows:

"You are instructed that in order to constitute a person the employee of another, such person must be under and subject to the orders, control and directions in carrying out the work or business of the employer, and in this case, if you find from the evidence that the said Van Hesley and the Lincoln Zephyr which said Van Hesley was using, were under and subject to the control, directions and instructions of the defendant, Van Drake, in

carrying out the business of the defendant, Van Drake, generally, in the district or territory, if any, assigned by the said defendant, Van Drake, to the said Van Hesley, then and in that event you would be justified in finding that the relationship of employer and employee existed between defendant, Van Drake, and the said Van Hesley, and that the negligence, if any, of the said Van Hesley, in that event, would be also chargeable or imputed to the defendant, Van Drake, if you find that at said time the said Van Hesley was acting within the scope of his employment."

It will be noted that the word "generally" appears about the middle of this paragraph, and it is the contention of the appellant that the word "generally" refers to and modifies the word "control," thereby authorizing the jury to find a master-servant relationship between Van Drake and Van Hesley if it found that Van Drake had general control over the said Van Hesley. We do not agree with appellant in his contention. The word "generally," in our opinion, refers to the word "business," the antecedent of the word "generally." This is the correct grammatical construction. Appellee points out that even if the language used by the court in this part of the instruction is susceptible of more than one construction, that construction will be adopted which will lead to the affirmance of the judgment, unless it fairly appears that the instruction might have misled the jury to appellant's prejudice. *Knapp* v. *State* (1907), 168 Ind. 153, 79 N. E. 1076, 11 Ann. Cas. 604; *Cleveland, etc., R. Co.* v. *Miller* (1905), 165 Ind. 381, 74 N. E. 509.

These authorities fully support appellee's proposition; and we find nothing to lead us to believe that the jury was misled by the technical refinement, if of merit, for which appellant contends.

The second objection to this instruction relates to that part of the second paragraph of said instruction which told the jury that if it found that there was left to Van Hesley the means and method, including the use of his automobile, by which Van Drake's business was to be done, then the relationship was that of employer-independent contractor, and if it found such a relationship, Van Drake would not be liable. Appellant contends here, as he did with respect to instruction number 10, that this language shifted the burden of proof to appellant. What we have heretofore said in discussing the objections to instruction 10, makes further comment with respect to such criticism unnecessary.

Appellant challenges the correctness of instruction number 14 given by the court, in that said instruction, being an instruction on the question of damages, failed to restrict the jury to damages for injuries that were alleged, but allowed recovery for all damages as to which there was proof; also that this instruction does not restrict recovery to those damages which were proximately caused by the negligence alleged.

An examination of the record discloses that no objection was made to any proof offered on the subject of injuries, and that no proof was offered or made with respect to the injuries suffered by the appellee not within the allegations of the complaint except as to some superficial lacerations on appellee's legs and a sprained right thumb. Under such circumstances, the complaint will be deemed amended on appeal to correspond to the evidence. Section 2-3231, Burns' 1933; *Curtis Storage and Trans. Co.* v. *Rosenberg* (1939), 106 Ind. App. 622, 21 N. E. (2d) 440; *London, etc., Ins. Co.* v. *Mason* (1929), 90 Ind. App. 305, 168 N. E. 702.

This instruction did not restrict recovery to those damages which were proximately caused by the negligence charged, but the court by its instruction number 4 told the jury that it was essential to plaintiff's right to recover that the injuries to plaintiff were proximately caused by the negligence of Van Hesley while acting as the employee or servant of the defendant Van Drake.

There is no merit in appellant's attack on instruction 15. When this instruction is considered with instructions 4 and 12 given by the court, the appellant was not harmed. It did not assume an issuable fact for the appellant offered no evidence on the question of injuries suffered by the appellee. It is not error for the court to assume uncontroverted facts. *Hunt, Rec.* v. *Conner, Adm.* (1901), 26 Ind. App. 41, 59 N. E. 50.

The appellant predicates error upon the refusal of the trial court to give certain instructions tendered by the appellant. To discuss each of the instructions tendered by appellant would unduly extend this opinion. We have carefully considered appellant's instructions and it is our opinion and we hold that all of the tendered instructions which were applicable to the issues and correctly stated the law were sufficiently covered by the instructions given by the court of its own motion.

The last question requiring our consideration is the assignment that the damages assessed are excessive. A general statement of the rule followed by appellate tribunals is that such courts will not disturb a jury's verdict on the ground that such verdict is excessive unless the verdict is so excessive in view of the evidence as to induce the belief that the jury acted from partiality, prejudice, corruption, or other improper motive. *Hoeppner* v. *Saltzgaber* (1936),

·102 Ind. App. 458, 200 N. E. 458. The evidence shows that the appellee, Marie Thomas, received many cuts and bruises and broken bones, among which was a fractured left elbow, and that several of the cuts left scars. The evidence further shows that, due to the accident, she owed doctor and hospital bills; that she was unable to work at all for eight weeks; that she did not reach her previous earning capacity for several months after she went back to work; that she still suffers pain in her chest, which interferes with her work and her sleep; that she is unable to close some of her fingers; that these injuries interfere with her employment, and that she was left in a nervous condition. In view of the entire evidence, it cannot be said that the amount of compensation awarded is excessive and so out of line with reason and justice as to shock the conscience, nor is it apparent that any improper element was taken into consideration by the jury in determining the amount.

Finding no reversible error, the judgment is affirmed.

NOTE.—Reported in 38 N. E. (2d) 878.