# MEEK *v.* JULIAN

[No. 27,627.   Filed October 17, 1941.]

84

*Todd & McCormack,* of Indianapolis, for appellant.

*James E. Rocap, John T. Rocap,* and *Thomas M. Cooney,* all of Indianapolis, for appellee.

SHAKE, J.—The appellant made application to the Industrial Board of Indiana for an adjustment of compensation. The claim was heard by a single member of the board, who found that the appellant was employed by the appellee, and sustained a personal injury by accident arising out of and in the course of the employment, resulting in an impairment of vision. The appellee petitioned for a review by the full board, which found, by a majority of its members, that the appellant was not an employee of the appellee within the meaning of the Compensation Law. From the award of the full board that the claimant take nothing, there was an appeal to the Appellate Court, which reversed the award. *Meek* v. *Julian* (1941), 109 Ind. App. 489, 32 N. E. (2d) 737. The case comes to us by way of petition to transfer.

It is apparent from the record that the substantial question before the Industrial Board was whether the

claimant was an independent contractor or an employee within the terms of the Compensation Law. The act provides that:

"The term 'employee,' as used in this act, shall be construed to include every person, including a minor, in the service of another, under any contract of hire or apprenticeship, written or implied, except one whose employment is both casual and not in the usual course of the trade, business, occupation or profession of the employer." § 40-1701, Burns' 1933, § 16449, Baldwin's 1934.

The courts have construed "employee," as used in the act, as not to include an independent contractor. *Columbia School Supply Co.* v. *Lewis* (1916), 63 Ind. App. 386, 115 N. E. 103.

A claimant for compensation makes out a *prima facie* case, in so far as his relationship with his employer is concerned, when he establishes that he was in the service of the latter under a contract of hire, express or implied; and if the employer wishes to defend on the ground that the employment was casual or not in the usual course of the employer's business, the burden is upon him to show such exception. *Domer* v. *Castator* (1925), 82 Ind. App. 574, 146 N. E. 881. The same rule is applied when the employer asserts that the claimant was an independent contractor. *Dobson's case* (1925), 124 Me. 305, 128 A. 401, 42 A. L. R. 603; *Washington Recorder Pub. Co.* v. *Ernst* (1939), 199 Wash. 176, 91 P. (2d) 718, 124 A. L. R. 667; 27 Am. Jur., Independent Contractors, § 59. A measure of liberality is indulged in construing the legislative definition of "employee," to the end that in doubtful cases an injured workman or his dependents may not be deprived of the benefits of the humane provisions of the compensation plan; and doubt as to whether the claimant was an employee or an independent contractor

is resolved in favor of the former status. *J. P. O. Sandwich Shop, Inc.* v. *Papadopoulos* (1938), 105 Ind. App. 165, 13 N. E. (2d) 869; *Domer* v. *Castator, supra.*

The appellee was a general contractor engaged in building and repairing houses and the appellant was one of a group of plasterers and their helpers, sometimes working as subcontractors and sometimes as servants. In the capacity of subcontractors to the appellee, the appellant and his associates plastered a new house on Third street in Marion, Indiana. While this work was in progress, the appellee told them that he had a repair job for them at a house on Wabash avenue in said city. It was at the last-mentioned place that the appellant sustained his injury. In the performance of their work, the plasterers furnished their own tools but used materials supplied by the appellee. The appellee observed the progress of the work from time to time but gave no directions as to it, because, according to his testimony, the plasterers knew more about it than he did. The appellee further testified that he had a contract for the entire job of repairing the house on Wabash avenue and that the plasterers worked by the hour, which was usual on repair jobs, where the yardage could not be figured in advance. Nothing was said as to the rate of pay, but the appellant and his associates had done similar work for the appellee for one dollar an hour and that was the basis upon which they were paid.

Where the evidence is in conflict, its weight is for the Industrial Board, which also has the right to draw reasonable inferences from the facts established; but there was no substantial conflict in the evidence and it was sufficient to establish, as a matter of law, that the appellant was an employee within the meaning of the Compensation Act. We

cannot say, however, that there was evidence of probative value to the effect that the appellant was an independent contractor, which the appellee had the burden of proving to defeat the claim.

The petition to transfer is granted and the judgment of the Appellate Court is affirmed, with directions to remand the case to the Industrial Board of Indiana for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 36 N. E. (2d) 854.