CARNEGIE-ILLINOIS STEEL CORPORATION *v.* POKOPAC.

[No. 17,018.   Filed November 10, 1942.   Rehearing denied December 22, 1942.]

*Knapp, Allen & Cushing,* of Chicago, Illinois, and *White, Wright & Boleman,* of Indianapolis (*Harlan L. Hackbert,* of Chicago, Illinois, of counsel), for appellant.

*Oscar B. Thiel* and *Frank A. Rondinelli,* both of Gary, for appellee.

DeVoss, J.—This is an appeal from an award of compensation by the full Industrial Board to appellee as the surviving dependent of one Joseph Pokopac, who was alleged to have died by reason of an occupational disease contracted in the course of his employment.

This cause was tried before a hearing member of the Industrial Board on February 5, 1942, and the hearing member found in favor of appellee and awarded her the full death benefit. Upon a petition by appellant for review, the full board made and returned a finding and award adverse to appellant, and it is from this finding and award that this appeal is prosecuted.

So much of the finding and award of the full board as is pertinent to this appeal is as follows:

"And the Full Industrial Board, having heard the argument of counsel, having reviewed the evidence in said cause and being duly advised in the premises, now finds that plaintiff's decedent Joseph Pokopac was in the employ of the defendant on September 5, 1940, at an average weekly wage in excess of $30.00, and had been so employed for many years prior thereto; that on said date plaintiff became totally disabled as a result of silicosis and that he remained so disabled to the date of his death, to-wit: February 22, 1941.

"Said Full Industrial Board further finds that the occupational disease of silicosis which plaintiff suffered was the result of inhaling silica dust over a period of many years prior to September 5, 1940, in his employment as a dynamiter for the defendant and that said disease arose out of and in the course of his employment with the defendant; that

as a result of the disease of silicosis, plaintiff contracted pneumonia, which was the immediate cause of his death and which was incident to the disease of silicosis; that the day of last exposure to silicosis while in the employ of the defendant was on September 5, 1940. . . .

"It Is Therefore Considered, Ordered and Adjudged, by the Full Industrial Board of Indiana, that there be awarded plaintiff as against the defendant, compensation at the rate of $16.50 per week for a period of 300 weeks or during the period of her dependency, said compensation to begin as of February 22, 1941, and all deferred payments of compensation to be brought up to date and paid in cash and a lump sum."

The error assigned for reversal by appellant is that the award of the full Industrial Board is contrary to law; and the issues raised thereunder and discussed in the briefs are whether or not the deceased, Joseph Pokopac, contracted silicosis arising out of and in the course of his employment with appellant; and whether such silicosis caused his death.

"We recognize and adhere to the often-repeated rule that this court will not weigh the evidence in an Industrial Board case, and is bound by its findings on questions of fact. But it is the duty of this court, upon the appeal of such cases, to examine and consider the evidence, for the purpose of determining whether or not there is any evidence to sustain the facts upon which the finding and order of the Industrial Board is founded." *Czuczko* v. *Golden-Gary Co., Inc.,* 94 Ind. App. 47, 61, 177 N. E. 466.

It was stipulated that on September 5, 1940, the deceased, Joseph Pokopac, was in the employ of appellant; that both parties were operating under and pursuant to the Workmen's Occupational Disease Act of Indiana; that he was employed at an average weekly wage of $31.00; that appellant had notice of an alleged

occupational disease and that the deceased died on February 22, 1941.

The evidence discloses that Joseph Pokopac had been working for the Carnegie-Illinois Steel Corporation, appellant herein, for approximately twenty-eight (28) years. He worked in the open hearth as a dynamiter in a structure about two hundred and fifty (250) feet long and about one hundred and fifty (150) feet wide. Over this structure was a roof, and the sides were built up with openings at each end. When the decedent was not engaged in dynamiting, he was in charge of a gang of men tearing down the checkers. The evidence is rather meager as to what these checkers were. It appears that when the furnaces were to be repaired or relined, it was necessary to blast the slag which had accumulated in the bottom of the furnaces. The decedent's job, as a dynamiter, was to insert sticks of dynamite in holes drilled in the slag and to set off the blast. The atmospheric condition in the building was dusty and smoky caused by the blasting of the slag and brick and by removing them. The decedent worked at said job until September 5, 1940, at which time he became sick and continued ailing until February 22, 1941, when he died at the age of sixty-one (61) years. The only material controversy in the evidence is as to the cause of his death. It appears that the deceased had, in the course of his illness, been a patient in the hospital on at least four (4) different occasions. He last entered the hospital on January 16, 1941, and remained there until his death on February 22, 1941. During his last illness, Dr. Ralph A. Elliot had charge of him as a patient.

The following questions were propounded to Dr. Elliott:

"Q. On the death certificate you gave as one of the causes silicosis?

"A. Yes.

"Q. Now, was that one of the causes of his death?

"A. To my knowledge it was the precipitating cause for his heart disease.·

"Q. In other words it was the silicosis that caused the heart disease?

"A. Yes."

Other medical testimony was introduced intended to develop facts contrary to those testified to by Dr. Elliot. Dr. Rauschenback, a witness called by appellant, testified that from an examination of the hospital record, he found no indication of silicosis, and that, from an examination of the X-rays, there were some deposits of silica in the lungs, but that the cause of death was a terminal stage of pneumonia, and that he had no condition and no symptoms relative to or caused by silicosis.

As disclosed by the evidence, silicosis is a pathological condition produced by inhalation of silica in the lungs. The fact that there were some deposits of silica in the lungs, as stated by Dr. Rauschenback, would tend to sustain the statement of Dr. Elliot as to cause of death. Maxwell Herschlader, an experienced reader of X-rays, testified that from reading X-rays he was able to determine very accurately what they disclosed, and that the X-rays taken of the deceased and examined by him indicated that the subject of the X-rays was suffering from silicosis.

The hospital records were also introduced into evidence.

After reading all of the evidence submitted in the cause, we are confronted with the prevalent rule on appeal, that this court cannot weigh the evidence.

It is the province of the Industrial Board to find the

facts, and, in determining the ultimate facts, it may draw any reasonable inferences from the facts found; and, on appeal, this court will not weigh the evidence nor draw inferences therefrom leading to a different conclusion from that reached by the Industrial Board, so long as the finding is reasonable. *Meek* v. *Julian* (1941), 219 Ind. 83, 36 N. E. (2d) 854.

We think there is some evidence to sustain the finding of the board and we cannot say as a matter of law that the award should be reversed.

Award of the Industrial Board affirmed, and, pursuant to statute, increased five per cent **(5%)**.

NOTE.—Reported in 44 N. E. (2d) 522.