## ALLEN *v.* KRAFT FOOD COMPANY

[No. 17,719.   Filed January 26, 1948.   Rehearing denied
March 5, 1948.   Transfer denied October 6, 1948.]

468

*Stanley E. Stohr*, of Terre Haute, attorney for appellant.

*George H. Oswalt, Burke G. Slaymaker, Charles J. Barnhill, Clarence F. Merrell, Theodore L. Locke, Hugh E. Reynolds*, all of Indianapolis, attorneys for appellee.

DRAPER, C. J.—The appellant lost his balance and fell from a scaffold while painting the appellee's premises. A majority of the full board denied compensation on the grounds that appellant was an independent contractor and not an employee. We are asked to review that decision.

There is little conflict in the evidence. That most favorable to the appellee discloses that appellant, who had worked on 15 to 20 different painting jobs from January to October, 1945, advertised himself as a painting contractor and represented himself to the company as such in partnership with one Brodie. The company submitted specifications of its painting requirements and requested a lump sum bid. Appellant took the specifications home and he and Brodie examined them and decided not to figure the work on a lump sum basis because the job was too big and they could not work through it without being paid. Several days later the appellant returned with an agreement on his own letterhead, prepared and signed by himself and Brodie, which reads as follows:

"October 30, 1945.

I, Edgar T. Allen and Otha Brodie, doing business as painters in Sullivan, Indiana, agree to furnish all ladders, brushes, drop cloths and necessary equipment to do the painting at your Sullivan plant according to your specification in a way not to interfere any more than possible with your operations. All night work or overtime to be time and a half. Overtime and night work will be authorized only by the Company. We agree to paint at the local prevailing scale of the Brotherhood of Painters, Decorators and Paper-hangers of America, Sullivan Local No. 1182. Our time will be sent each Saturday for payment from the Company. We agree to assume all responsibility of injury to ourself while working on the property of the Kraft

Foods Company and in no way will the Company be responsible for injury sustained by us."

The appellant did not fill out any application for employment; had no physical examination; and signed no withholding tax certificate. He did not punch the time clock, but kept his own time and turned it in every Saturday on his own statement form, and these statements the company accepted and honored without checking. The company furnished the paint and appellant and Brodie furnished the brushes and ladders, and they owned and erected the scaffold from which appellant fell. The specifications indicated what paint to use and where to use it. The company neither supervised the work nor regulated the working hours. The company informed the men when a particular room could be painted without interfering with normal operations of the plant, and on one or two occasions changed the specifications. The company checked to see if the right paint was being applied in the right places. After appellant fell, Brodie got another painter to help him complete the job, but he was required to take out compensation insurance.

We are required to reverse if this evidence is sufficient, as a matter of law, to establish the appellant as an "employee" within the meaning of the compensation law. *Meek* v. *Julian* (1941), 219 Ind. 83, 36 N. E. 2d 854.

This court has recently stated the general rules governing the determination of the question presented. We, therefore, do not restate them. See *Lazarus* v. *Scherer* (1931), 92 Ind. App. 90, 174 N. E. 293 and *Petzold* v. *McGregor* (1931), 92 Ind. App. 528, 176 N. E. 640. There are several others. A reading of the cases discloses that no hard and fast rule

by which the relationship of the parties can be unfailingly determined can be formulated. Each case must, in the final analysis, rest upon its own facts and circumstances.

The appellant particularly insists the evidence shows him to have been an employee because of the method of payment; because the company could have discharged him whenever it saw fit; and because the company retained the right to direct and control the work. The latter circumstance is, he says, decisive.

The mode of payment and the right to terminate the relationship by discharge are each a circumstance to be considered along with other relevant facts and circumstances in determining the relationship, but neither is alone decisive. *Lazarus* v. *Scherer, supra,* and cases cited. The *power* or *right* to command the act and to direct or control the means, manner or method of performance has been recognized in this state as the "real" test. *Mid-Continent Petroleum Corp.* v. *Vicars* (1943), 221 Ind. 387, 47 N. E. 2d 972, in which *Marion Shoe Co.* v. *Eppley* (1914), 181 Ind. 219, 104 N. E. 65 is discussed. This court has recognized it as the "decisive" test. *Lazarus* v. *Scherer, supra.* We need not speculate as to whether the relative importance of that circumstance might also in some cases increase or diminish in the light shed by the others, for the evidence does not show that the company retained the right to direct, supervise or control the method, means or manner of performance, nor that they undertook to or did do so. It shows only a change in specifications and a check on performance, both of which are consistent with the relationship of contractee and independent contractor. See *Marion Shoe Co.* v. *Eppley, supra,* and *Petzold* v. *McGregor, supra.* The method of payment is also consistent

therewith. *Marion Shoe Co.* v. *Eppley, supra.* Nor are we sure the company had the right, under the evidence, to discharge the appellant without just cause and so terminate the relationship at its pleasure.

We find nothing that would require us to hold, as a matter of law, that the relationship between the parties was that of employer and employee. Many of the landmarks usually present where the relationship of contractee and independent contractor exists are to be found in this case.

We think the board was justified in concluding from the evidence, taken as a whole, together with the inferences logically and reasonably to be drawn therefrom, that the parties intended to and did expressly undertake the relationship of contractee and independent contractor, and that the appellant was not intended to and did not become an employee of the company. Under those circumstances the finding of the board is binding upon this court. *Lazarus* v. *Scherer, supra.*

Section 15 of the compensation act provides: "No contract or agreement, written or implied, no rule, regulation or other device shall, in any manner, operate to relieve any employer in whole or in part of any obligation created by this act." Burns' 1940 Repl., § 40-1215. The stipulation in the agreement absolving the company from liability for injuries to the men was not invalid, for the section has no application when the relationship is that of contractee and independent contractor.

Finding no error, the award is affirmed.

NOTE.—Reported in 76 N. E. 2d 845.