## VINCENT *v.* PURSLEY

[No. 17,796. Filed January 19, 1949. Rehearing denied February 16, 1949.]

*Brady, Watson & Meyers,* of Muncie, for appellant.

*Bonham & Emshwiller,* of Hartford City, for appellee.

DRAPER, J.—Based on a finding that Byron Vincent, deceased, was an independent contractor and not an employee of the appellee when he suffered a fatal accidental injury, the Industrial Board denied compensation to his widow, Agnes Vincent. She appeals and challenges that finding.

The evidence discloses the following situation. Vincent was a painting contractor. Assisted by three of his employees, he was performing a contract to paint Pursley's farm buildings for an agreed lump sum, using paint furnished by Pursley. It is conceded that in the performance of that work Vincent was acting as an independent contractor and not as an employee.

While the work contracted for was progressing, Pursley arranged with Vincent to do extra painting, including a barn roof and some utility poles. Vincent told Pursley the poles looked bad and he would paint them if Pursley would get aluminum paint. There

was no understanding as to whether Vincent or his help would do the extra work, and Pursley did not know or care who would do it, but relied on Vincent to see it was done. Vincent furnished his own tools and equipment. He decided who would work, when they would work and how the work should be done. He received $1.50 per hour for extra work and paid his men $1.00, retaining fifty cents. Pursley had no control over Vincent or his employees. He did not supervise, try to supervise, nor have the right to supervise the work, nor was he present while it was progressing. One morning the roof was damp and Vincent decided to work on a pole. His help had placed ladders against the pole for the purpose of painting it, but Vincent decided to do it himself, using brush instead of spray. In attempting it he received a fatal electric shock.

Of course, one may be an independent contractor as regards some phases of his work and at the same time an employee as to other phases. In such a case the employer would be liable for compensation only if the employee were injured while engaged in that phase of the work in which he was an employee. 71 C. J., § 207, p. 477; *IV. Schneider on Workmen's Compensation,* § 1076. Cf. *Evansville Veneer & Lumber Co.* v. *Mullen* (1946), 116 Ind. App. 616, 65 N. E. 2d 742.

Whether Vincent was at all times acting as an independent contractor, or whether he occupied a dual capacity in this case and, if so, what capacity he was working in at the time he was injured, were all questions of fact for the Board to determine. We cannot disturb their finding unless the evidence compelled a different conclusion, or in other words, unless Pursley failed to sustain the burden of proving that Vincent was an independent contractor

in the performance of the extra work. *Meek* v. *Julian* (1941), 109 Ind. App. 489, 219 Ind. 83, 36 N. E. 2d 854.

It would seem a mere recital of the facts would be enough to demonstrate that the Board was justified in concluding the deceased was acting as an independent contractor when he was injured, but the appellant insists the case is governed by *Meek* v. *Julian, supra,* which case, she says, requires a reversal.

In that case a general contractor engaged several workmen as subcontractors to plaster a building. While that work was progressing the contractor gave them a repair 'job on another building and while working there one of them was injured. The men used their own equipment and the contractor furnished the materials. The contractor observed the progress of the work but did not direct it. The men worked by the hour without arrangement as to wages, but in similar work they had received one dollar per hour. Both this court and the Supreme Court, invoking the "measure of liberality" rule, *McDowell* v. *Duer* (1922), 78 Ind. App. 440, 133 N. E. 839; *Dietrich* v. *Smith* (1931), 93 Ind. App. 219, 176 N. E. 636, 177 N. E. 901; *J. P. O. Sandwich Shop, Inc.* v. *Papadopoulos* (1938), 105 Ind. App. 165, 13 N. E. 2d 869, held that evidence to establish the relationship of employer and employee.

That case is readily distinguishable from this one. In that case the work was an entirely different job. It was not an extra. In that case the appellant (workman) was hired and required to do the work himself. In this case the deceased was engaged to produce an end result, and to produce it at a time and by methods to be determined by himself. In that case the workman received wages. In this case the deceased made a profit on the labor of workmen, whom

he could employ and discharge at will. Whether he did the work himself in this case, or delegated it to his employees, was a matter of indifference to the appellee, as was the manner in which the work was to be done. In that case the extent of the work was not determined in advance. In this case it was. In that case the employer did not supervise the work, not because he did not have the right to, but because the plasterers knew more about it than he did. The difference is significant. See *Allen* v. *Kraft Food Co.* (1948), 118 Ind. App. 467, 76 N. E. 2d 845.

In our opinion the finding was amply supported by the evidence. *Petzold* v. *McGregor* (1931), 92 Ind. App. 528, 176 N. E. 640; *Allen* v. *Kraft Food Co., supra.* We may not disturb it.

Award affirmed.

Royse, P. J., not participating.

NOTE.—Reported in 83 N. E. 2d 431.