KEMBLE *v.* ALUMINUM COMPANY OF AMERICA

[No. 17,906.   Filed February 6, 1950.]

*Smith & Bennett,* of Lafayette, for appellant.

*Michael T. Ricks, George T. Schilling;* and *Stuart, Devol, Branigin, Ball & Ricks* (of counsel), all of Lafayette, for appellee.

DRAPER, C. J.—The appellant had his skull fractured by the intentional act of a fellow employee. He was denied compensation by the Industrial Board, who found that the injury did not arise out of the employment.

He says the evidence shows his injuries resulted from an assault at the hands of a fellow employee who was temporarily insane, and the Board was therefore required, under the law, to award compensation to him.

Assuming, without deciding, that the appellant would be entitled to compensation under such circumstances, we fail to find that factual situation here.

The competent evidence discloses that the appellant worked near another man whom everyone called Pop. Pop had no teeth. For several weeks the appellant mocked and made fun of Pop, and mimicked the way Pop worked his mouth. Pop was a considerably older man. He was a peaceable fellow and easy to get along with. He never looked for trouble and never had any difficulty of any kind with anyone before or since. He had never hit anyone or been in a fight. He lost a son in the war and was sometimes moody and quiet.

On the day in question, after exchanging words somewhat unfriendly but of little consequence, the appellant went back to his machine and grimaced at Pop. Pop became angry, and told the appellant if he kept it up he would get hurt, whereupon the appellant jumped up and down and persisted in his mimicry. Pop thereupon approached the appellant with a three foot piece of two by two. Words were exchanged; the appellant started for Pop; and Pop struck him over the head.

There is a stipulation that if a certain doctor testified to a hypothetical question incorporating the testimony "so far adduced at this hearing" he would testify that one who would assault a fellow worker under the circumstances appearing in the testimony would, in his opinion, be temporarily insane. Pop said he finally became so angered by the appellant's behavior that he "might" have lost his head or become temporarily insane for a moment. He insisted the trouble occurred because he was so angered by the appellant's grimaces and the remarks accompanying them. Immediately after he struck the appellant, Pop was sorry he had done so. As the result of the fracas both men were discharged. Pop went to work for the Nickel Plate, where he was still employed at the time of the hearing.

The case appears to be one in which the trouble was entirely personal to the two men, wholly disconnected with the employment relationship.

The members of the Board observed the witnesses, including Pop and the appellant, and heard their testimony. Whether Pop was mentally deranged was for the Board to decide from all the evidence.

On review we may consider only the evidence favorable to the award. *Soetje & Arnold, Inc.* v. *Basney* (1941), 218 Ind. 538, 34 N. E. 2d 26; *Indiana, etc., Cement Co.* v. *Frazier* (1927), 86 Ind. App. 406, 158 N. E. 249; *Morgan* v. *United Taxi Co., Inc.* (1938), 105 Ind. App. 340, 14 N. E. 2d 736. So considered, we think the evidence would amply sustain the conclusion that Pop was not insane, temporarily or otherwise, but on the contrary was a normal individual who reacted naturally, albeit emphatically, to persistent provocation.

We cannot disturb a finding against one claiming compensation unless there is no substantial conflict in

 the evidence, and it is sufficient to compel a finding in favor of the claimant. *Vincent* v. *Pursley* (1949), 119 Ind. App. 53, 83 N. E. 2d 431; *Bell* v. *Goody, Goody Products Co.* (1945), 116 Ind. App. 181, 63 N. E. 2d 147; *Meek* v. *Julian* (1941), 109 Ind. App. 489, 32 N. E. 2d 737; Id. *Meek* v. *Julian* (1941), 219 Ind. 83, 36 N. E. 2d 854. This record does not, in our opinion, present such a case.

The appellant asserts irregularities at the hearing. We regard those properly presented as being so inconsequential and unimportant to the result reached that discussion would not be justified.

Award affirmed.

NOTE.—Reported in 90 N. E. 2d 134.