MEREDITH *v.* NORTHERN INDIANA COOPERATIVE
ASSOCIATION

[No. 18,783. Filed February 23, 1956. Rehearing denied
March 23, 1956. Transfer denied June 5, 1956.]

*Biddle & Meyers,* of Columbia City, for appellant.

*Stevens & Wampler,* of Plymouth, for appellee.

ROYSE, C. J.—Appellant herein seeks a review of an award of the Full Industrial Board of Indiana denying him compensation for the reason that when he sustained an accidental injury while performing services for appellee he was an independent contractor and not an employee.

A determination of the questions presented requires a consideration of the evidence and the reasonable inferences to be drawn therefrom most favorable to appellee.

Appellant is a painter by trade. He and one Harold Ward, the general manager and treasurer of appellant, had been good friends for many years. In July or August of 1953 Ward asked appellant if he would be available for work in painting appellant's buildings. He told Ward he would be a little later. Early in September he stopped in appellee's office to discuss the job. Ward asked him about the cost and he started to figure about an hourly rate and Ward said: "No, I just want to know what it will cost, so I can take it *up the* Board when they meet so they will know *about to* expect". Appellant said it would cost $700. Shortly thereafter Ward informed appellant he could go to work. He told Ward he would be around one of these days. Previous to this appellant had performed similar work for appellee and was paid on an hourly basis. Appellee furnished the paint for this job. Appellant furnished air compressor, spraying outfit, etc. Appellant chose the hours he would work and determined for himself whether it was too damp, dusty or windy, or if there was too much traffic. He put the paint on as he saw fit and determined the order in which the buildings would be painted. He was not paid any amount during the time he worked on this job. He said: "I rarely collect on a job until I finish it". Appellee paid appellant by payroll check and deducted federal income tax and old-age benefit tax. Ward said "That helped him on social security and insurance". They gave him a Christmas bonus. They gave such bonus to employees and independent contractors who were friends of the Company. Ward said they told their regular employees

when to come to work, when to leave at noon, how many hours to work, and directed their activities while on the job, but that with appellant "we had no supervision or control over when he came to work or when he left or his coming or going".

Appellant first contends the Full Board erred in sustaining the objection of appellee to the following question he propounded to appellee's manager:

"Q. So when you hired Harry you did not consider him an independent contractor in the same light that you considered other persons who came upon your premises to do business and for whom you required the prepared contract form to be signed?"

We are of the opinion the Board correctly sustained the objection to this question. It called for a comparison with reference to matters not germane to the question before the Board and also sought the conclusion of the witness. *Dichner* v. *Indiana Jobbing Company* (1955), 125 Ind. App. 696, 125 N. E. 2d 805 (Transfer denied).

The general rules which must be our guide in the determination of the question of whether appellant was an employee or an independent contractor have been frequently stated by this court · and the Supreme Court. An examination of these cases demonstrate that no exact rule can be stated which will determine this question. In the final analysis it seems each case must rest upon its own peculiar facts and circumstances. Perhaps the most important test is power or right to direct and control the means, manner and method of performance. *Gibbons* v. *Henke et al.* (1940), 108 Ind. App. 481, 29 N. E. 2d 995; *Allen* v. *Kraft Food Company* (1948), 118 Ind. App. 467, 76 N. E. 2d 845 (Transfer denied); *Vincent* v. *Pursley*

(1949), 119 Ind. App. 53, 83 N. E. 2d 431; *Clark* v. *Hughey* (1954), 233 Ind. 134, 117 N. E. 2d 360 (reversing this court 115 N. E. 2d 511) ; *Dichner* v. *Indiana Jobbing Company, supra; Tromley* v. *Padgett and Blue, Inc.* (1955), 125 Ind. App. 688, 125 N. E. 2d 808 (Transfer denied).

In Small, Workmen's Compensation Law of Indiana, §4.2, p. 65, it is stated:

"The question of whether a particular workman is an employee or an independent contractor is ordinarily one of mixed law and fact. If the evidence of an employer-employee relationship is uncontradicted and reasonably susceptible to but one inference, the question is one of law. However, if the evidence is conflicting, or lends itself to different deductions, then it is a question of fact."

It seems to us that on the record before us the minds of reasonable men may have differed as to the relationship of the parties. That being true, we are bound by the finding of the Board.

Award affirmed.

NOTE.—Reported in 132 N. E. 2d 267.