GOODSON *v.* EMGE PACKING COMPANY, INC.

[No. 19,080. Filed January 31, 1958.]

*Arthur S. Wilson,* of Princeton, for appellant.

*Douglas H. McDonald* and *McDonald & McDonald,* both of Princeton, for appellee.

ROYSE, P. J.—The Industrial Board denied appellant compensation for an alleged injury arising out of and in the course of his employment with appellee.

The sole question in this appeal is whether the evidence in the record conclusively establishes that as a result of such alleged injury a pre-existing kidney condition was so aggravated as to require removal of one kidney. The facts as disclosed by the briefs of the parties may be summarized as follows:

For several years prior to March 4, 1954 appellant had been an employee of appellee. From April, 1953 until said last mentioned date he had been absent from work on several occasions because of a kidney infection. On March 3, 1954 he was engaged in cutting hogs and on said day the hogs were very heavy and due to their hardness some of the bellies would slip off the peg and this hurt him. He worked that day and after work went to Dr. Dickenson's office who gave him a shot. The doctor was called to his home about 1:00 A.M. the next morning and gave him another shot. However, on the morning of the 4th he went to work about 7:00 A.M. He was assigned the job of opening the carcasses of hogs on the line. In this work he was required to open the pelvis bone down to the brisket. He did this with a knife. While engaged in this work, as when he put his knife into the pelvis of a hog, he gave it a jerk and something popped in his right side. This gave him severe pain. He went to his foreman and told him to get the boss and that he would have to get someone to do his work—"he had hurt himself." He was taken to the rest room where his boss was present. There was blood in his urine. Appellee's personnel manager took him to a local doctor who directed that he be taken to the Deaconess Hospital in Evansville. He was in the hospital on that occasion for about twelve days. He

received further medical attention from a Doctor Barnhart and returned to the hospital, where his right kidney was removed in the latter part of April, 1954. Since then he has never been able to work steadily and has from time to time been changed to lighter work.

The employees of appellee had a disability policy with the Great Western Life Insurance Company which covered the non-compensable illness, accidents, etc. This Company paid a substantial amount for appellant's hospital and doctor bills on several occasions, including the time his kidney was removed.

Appellant said he did not know the difference between the disability insurance and workmen's compensation benefits; that the first time he knew there was a difference was at the pretrial conditional examination held before the trial of this case.

Appellant said he made claim for compensation through his attorney the day his benefits expired.

Dr. Glenn O. Dickenson, a licensed chiropractor who practices internal medicine, treated appellant March 3rd at his office and at appellant's home. He has made a study of kidney function and disease. He said "any hematuria area" can be caused to bleed by trauma. That could be by jerking, pulling on a knife, and by trauma. On cross-examination he said he had never seen a case of a ruptured kidney occasioned by strain or lifting.

Dr. Geller, a licensed practicing physician, had treated appellant for occasional colds from July, 1949 to March, 1954. He was in military service from October, 1954 and returned in September, 1956. He had been appellant's family physician. He had checked the urine of appellant every year until November, 1953. At that time his examination disclosed "tenderness on palpation over both kidneys and down both ureters."

Urinalysis at that time revealed white and red blood cells. After his return from service he treated appellant, obtained a history from appellant of how the trouble occurred, and also a history from Dr. Barnhart, kidney specialist, who operated on appellant, and from his knowledge of the patient he was of the opinion trauma definitely aggravated the condition, and that after the removal of the kidney he suffered a permanent impairment of 80% of the man as a whole.

Certain certificates from two doctors who treated appellant were introduced in evidence showing appellant's absence from work was due to a non-compensable disability and that his disability was in no way related to the accident. Other exhibits were introduced showing application for benefits and the receipts for payment of benefits under the disability policy.

The briefs of appellant assert certain hospital records from the Deaconess Hospital in Evansville and the Gibson County Hospital were introduced in evidence, but neither the contents nor the substance thereof are set out in the briefs.

In our opinion the record herein discloses a factual situation upon which the minds of reasonable men might have differed as to whether appellant sustained an injury in his employment which aggravated his kidney ailment. This being true, we are bound by the decision of the Full Industrial Board of Indiana.

Award affirmed.

NOTE.—Reported in 147 N. E. 2d 569.