## WILLIAMS *v.* HISLIP.

[No. 19,154. Filed May 29, 1958. Rehearing denied June 30, 1958. Transfer denied October 14, 1958.]

*William P. Dennigan,* of Vincennes, for appellant.

*Ewing Emison, Rabb Emison, Thomas S. Emison* and *Emison & Emison,* all of Vincennes, for appellee.

ROYSE, P. J.—Appellant brought this action against appellee for compensation under the Indiana Workmen's Compensation Act. Appellee filed an answer in four paragraphs; the first denied appellant's allegations; the second averred appellant was a casual laborer; the third that he was a farm or agricultural employee; and the fourth, that he was an independent contractor.

Following an award in favor of appellant by the hearing member, appellee applied for a review by the Full Board.

After reviewing the evidence and hearing argument, the Full Board found that appellant, while performing services for appellee as a part-time farm employee, received an accidental injury to his left foot, and denied him compensation.

Appellant contends the evidence shows conclusively that he was entitled to compensation.

Considering as we must only the evidence most favorable to appellee, the record discloses the following pertinent facts: Appellee was engaged in the business of general farming for many years prior to August 18, 1954. For about twenty-seven years prior to April, 1953, appellant worked at the Kixmiller Garage in Vincennes primarily as an upholsterer. After retiring he went to Oaktown and rented a house and about an acre of ground from appellee for a rental of $30.00 per month. On several occasions prior to August 18, 1954, appellant worked for appellee in putting up hay, planting corn, putting cultivators and corn planters on tractors, fixed a spout, and built a box around the

pump. He was paid the regular wage for farm work of $6.00 per day for such work.

On the evening before the last mentioned date appellee told appellant he wanted him to tear down an old brooder house and "save what good lumber there is and clean up afterwards." About noon of the 18th he started to work on this job. Appellee gave him no directions. In about an hour he had most of the sides down, when the roof fell in and injured his left leg. Appellee had a farm liability insurance policy and the company paid appellant's doctor bills, but would not pay compensation.

In support of his contention appellant cites the cases of *In Re Boyer* (1917), 65 Ind. App. 408, 117 N. E. 507; *Lazarus* v. *Scherer* (1931), 92 Ind. App. 90, 174 N. E. 293; *Heffner et al.* v. *White* (1943), 113 Ind. App. 296, 45 N. E. 2d 342; *Meek* v. *Julian* (1941), 219 Ind. 83, 36 N. E. 2d 854. A most casual examination of these cases will show that they were decided on facts clearly distinguishable from those in the case before us.

In our opinion, on the record herein the minds of reasonable men might have differed as to whether or not appellant was a farm employee of appellee. Under such circumstances we may not disturb the findings of the Industrial Board. *Goodson* v. *Emge Packing Company, Inc.* (1958), 128 Ind. App. 243, 147 N. E. 2d 569; *Kraft* v. *Himsel Stock Yards* (1957), 127 Ind. App. 238, 139 N. E. 2d 569; *Rohlwing* v. *The Wm. H. Block Company* (1953), 124 Ind. App. 97, 115 N. E. 2d 450; *Kemble* v. *Aluminum Company of America* (1950), 120 Ind. App. 72, 90 N. E. 2d 134; *Scott* v. *Rhoads et al.* (1943), 114 Ind. App. 150, 51 N. E. 2d 89.

The award of the Full Industrial Board of Indiana is affirmed.

CRUMPACKER, J.—Not participating.

NOTE.—Reported in 150 N. E. 2d 764.