Robert HOWARD, Appellant–Plaintiff,

v.

U.S. SIGNCRAFTERS, Appellee–Defendant.

No. 93A02–0308–EX–704.

Court of Appeals of Indiana.

July 9, 2004.

James D. Stevens, Stevens & Crawford, Elkhart, IN, Attorney for Appellant.

Bruce J. Alvarado, Mark B. Barker, Orfanos & Alvarado, LLC, Fortville, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Robert Howard ("Howard") appeals the Worker's Compensation Board's ("the Board") decision that Howard should take nothing by way of his application for adjustment of claim. The Board specifically found that Howard was an independent contractor and not an employee of U.S. Signcrafters under the Indiana Worker's Compensation Act ("the Act"). Howard appeals raising two issues:

I. Whether the Board erred when it determined that he was not an employee of U.S. Signcrafters; and,

II. Whether the Board erred when it did not address whether Howard was eligible for benefits under Indiana Code section 22–3–2–14.

We affirm.

### Facts and Procedural History

Howard operated a sign business under the name Custom Signs. U.S. Signcrafters engaged Howard to remove a series of gas station signs over the span of four nights beginning on June 3, 2001. On June 7, 2001, Howard was seriously injured when the sign he was removing came into contact with power lines. At the time of his injury, Howard did not maintain worker's compensation insurance. Custom Signs' insurance coverage had lapsed roughly a year and a half earlier, and under that policy, Howard had not elected to cover himself as an employee.

On August 9, 2001, Howard filed an application for adjustment of claim with the Board. Based upon the parties' stipulated facts, the single member of the Board determined that Howard was an employee of U.S. Signcrafters, and that

the parties were "to determine the proper amount of monies to be paid pursuant to this order." Appellant's App. p. 6.

Thereafter, on February 3, 2003, U.S. Signcrafters filed an application for review by the Full Board. Upon review, the Board concluded that Howard was not an employee of U.S. Signcrafters at the time of his injury and found that he should take nothing by way of his application for adjustment of claim. Appellant's App. pp. 8–9. Howard now appeals. Additional facts will be provided as necessary.

### Discussion and Decision

In challenging the Board's decision, Howard confronts a stringent standard of review. When we review a decision of the Full Worker's Compensation Board, "we are bound by the factual determinations of the Board and will not disturb them unless the evidence is undisputed and leads inescapably to a contrary conclusion." *Luong ex rel. Luong v. Chung King Express,* 781 N.E.2d 1181, 1183–84 (Ind.Ct.App.2003), *trans. denied* (quoting *Conway ex rel. Conway v. Sch. City of E. Chicago,* 734 N.E.2d 594, 597 (Ind.Ct.App. 2000), *trans. denied*). We must disregard all evidence unfavorable to the decision and examine only the evidence and the reasonable inferences therefrom that support the Board's findings. *Id.* We will not reweigh the evidence nor judge the credibility of the witnesses. *Id.*

### I. Employee v. Independent Contractor

Howard first argues that the full Board erred when it determined that he was not an employee of U.S. Signcrafters at the time of his injury.

The question of whether a worker is an employee or an independent contractor can be one of mixed law and fact. If the evidence is undisputed and reasonably

susceptible to but one inference, the question is one of law. "However, if the evidence is conflicting, or lends itself to different deductions, then it is a question of fact." This court gives substantial deference to the Board's factual determinations. Further, "we construe the Act and resolve doubts in the application of terms in favor of the employee so as to effectuate the Act's humanitarian purpose to provide injured workers with an expeditious and adequate remedy." *Expressway Dodge, Inc. v. McFarland,* 766 N.E.2d 26, 28–29 (Ind.Ct.App.2002) (citations omitted).

■ To determine employee versus independent contractor status in the context of worker's compensation, we apply the ten-factor test from the Restatement (Second) of Agency. *Id.* at 30. These factors are:

(a) the extent of control which, by the agreement, the master may exercise over the details of the work;

(b) whether or not the one employed is engaged in a distinct occupation or business;

(c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;

(d) the skill required in the particular occupation;

(e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;

(f) the length of time for which the person is employed;

(g) the method of payment, whether by the time or by the job;

(h) whether or not the work is part of the regular business of the employer;

(i) whether or not the parties believe they are creating the relation of master and servant; and

(j) whether the principal is or is not in business.

*Id.* at 29 (quoting *Moberly v. Day,* 757 N.E.2d 1007, 1010 (Ind.2001) (quoting Restatement (Second) of Agency § 220(2) (1958))). We consider all factors, and no single factor is dispositive. *Moberly,* 757 N.E.2d at 1010 (citing *Mortgage Consultants, Inc. v. Mahaney,* 655 N.E.2d 493, 496 (Ind.1995)).

### A. *Extent of Control Over Details*

Howard argues that U.S. Signcrafters controlled the details of his work because U.S. Signcrafters directed him to the sites of the signs to be removed and set the hours within which the work had to be performed. However, while U.S. Signcrafters did require that Howard remove the signs at night, so as to avoid disruption of the gas stations' business, the Board found that it did not specifically set Howard's hours of work. Appellant's App. p. 7. The record also shows that U.S. Signcrafters did not directly supervise Howard's removal of the signs, that Howard used his own trucks and equipment to remove the signs, and that Howard had thirty years of experience in the business and he "knew what to do" to remove signs. Appellant's App. pp. 52, 57–58. As such, this factor weighs in favor of independent contractor status.

### B. *Occupation or Business of One Employed*

Howard owned and operated a sign business whose regular business included taking down signs. Moreover, Howard did not work exclusively for U.S. Signcrafters. Howard argues that he had effectively shut down his business and was doing primarily "service work" and suggests that

this indicates employee status. However, the Board found that Howard's sign business was still operational at the time of the accident. Appellant's App. p. 7. This is more consistent with independent contractor rather than employee status.

## C. Kind of Occupation

Walter Faltynski, CEO of U.S. Signcrafters, testified that U.S. Signcrafters "could probably do [the sign removal], but it would have been easier if [Howard] helped us doing that part of it." Appellant's App. p. 19. Howard argues that this statement indicates that sign removal was typically performed by employees. However, the Board found that the facts were inconclusive as to whether, in the locality, sign removal is typically performed by employees or by independent contractors. Appellant's App. p. 8. Therefore, we assign no weight to this factor.

## D. Skill Required

The Board found that the task of sign removal required skilled labor. Appellant's App. p. 8. Unskilled labor is typically performed by employees, while skilled labor is often performed by independent contractors. See Restatement (Second) of Agency, § 220(2), cmt. i. Thus, this factor weighs in favor of independent contractor status.

## E. Supplier of Equipment, Tools, and Work Location

Howard supplied his own trucks and equipment for taking down the signs. U.S. Signcrafters provided only the addresses of the gas stations where the signs were to be removed. This factor weighs in favor of independent contractor status.

## F. Length of Employment

While Howard had occasionally worked with U.S. Signcrafters in the past, he had never been on their payroll. Moreover, the work he performed for U.S. Signcrafters in June 2001 was to be completed in the span of four nights. Therefore, this factor weighs in favor of independent contractor status.

## G. Method of Payment

The record is unclear as to exactly how Howard was to be paid for his June 2001 sign removal work. Thus, we assign this factor no weight.

## H. Regular Business of Employer

Sign removal is a regular part of the business of U.S. Signcrafters. Therefore, this factor weighs in favor of an employer-employee relationship.

## I. Belief of Parties

Howard claims that he always believed himself to be an employee of U.S. Signcrafters, while U.S. Signcrafters insists that it regarded Howard as an independent contractor operating under the business name Custom Signs. Since the parties' beliefs conflict, we assign this factor no weight.

## J. Whether the Principal is in Business

The Board made no specific finding on this factor. However, the record clearly indicates that U.S. Signcrafters is in the business of manufacturing, installing, and removing signs. Therefore, this factor also weighs in favor of an employer-employee relationship.

In summary, Howard controlled the details of his sign removal work, provided his own trucks, and operated Custom Signs, whose regular business included sign removal. Furthermore, he was never on U.S. Signcrafters' payroll and the work was to be performed over the span of four

nights. Based upon the Board's factual findings, and applying the ten-factor test as set out in *Expressway*, we conclude that Howard was an independent contractor and not an employee of U.S. Signcrafters at the time he was injured.

## II. Applicability of Indiana Code Section 22–3–2–14

■ Howard next argues that, should we uphold the Board's determination that he was an independent contractor, we should remand his case to the Board for a determination that U.S. Signcrafters is secondarily liable to Howard under Indiana Code section 22–3–2–14. Howard directs us to subsections (b) and (c) of the statute, but does not specify which subsection would apply to him. The statute provides in relevant part:

(b) The state, any political division thereof, any municipal corporation, any corporation, limited liability company, partnership, or person, contracting for the performance of any work exceeding one thousand dollars ($1,000) in value by a contractor subject to the compensation provisions of [Indiana Code chapter] 22–3–2 through [Indiana Code chapter] 22–3–6, without exacting from such contractor a certificate from the worker's compensation board showing that such contractor has complied with section 5 of this chapter, [Indiana Code section] 22–3–5–1, and [Indiana Code section] 22–3–5–2, shall be liable to the same extent as the contractor for compensation, physician's fees, hospital fees, nurse's charges, and burial expenses on account of the injury or death of *any employee of such contractor*, due to an accident arising out of and in the course of the performance of the work covered by such contract.

(c) Any contractor who shall sublet any contract for the performance of any work, to a subcontractor subject to the compensation provisions of [Indiana Code chapter] 22–3–2 through [Indiana Code chapter] 22–3–6, without obtaining a certificate from the worker's compensation board showing that such subcontractor has complied with section 5 of this chapter, [Indiana Code section] 22–3–5–1, and [Indiana Code section] 22–3–5–2, shall be liable to the same extent as such subcontractor for the payment of compensation, physician's fees, hospital fees, nurse's charges, and burial expenses on account of the injury or death of *any employee of such subcontractor* due to an accident arising out of and in the course of the performance of the work covered by such subcontract.

Ind.Code § 22–3–2–14(b) & (c) (1991 & Supp.2003) (emphasis added).

While Howard offers no explanation as to whether he claims to be a contractor under subsection (b) or a subcontractor under subsection (c), in either case the statute is inapplicable. Both subsections are intended to provide adequate coverage for *employees* of independent contractors where the contractors have not adequately covered worker's compensation risks. *See Travelers Ins. Co. v. R.B. Carriers, Inc.,* 613 N.E.2d 440, 444 (Ind.Ct.App.1993), *trans. denied.* Howard was the owner of a sole proprietorship called Custom Signs. While sole proprietors may elect to make themselves employees of their sole proprietorships under Indiana Code section 22–3–6–1(b)(4), Howard did not do so. Howard failed to maintain worker's compensation coverage for his business. As a result, he was unable to elect to treat himself as an employee for worker's compensation purposes. Howard is therefore not an employee of Custom Signs under the worker's compensation statute, and Indiana Code section 22–3–2–14 does not apply to his injury. The Full Board properly concluded that Howard's injury was not compen-

sable under the Worker's Compensation Act.

## Conclusion

The Board properly concluded that Howard was not an employee under the Worker's Compensation Act and that his injury was not compensable. Accordingly, we affirm the Board's decision.

Affirmed.

BARNES, J., and CRONE, J., concur.